## PAPALIOLIOS v. DURNING.
### No. 236, Docket 21296.

United States Court of Appeals
Second Circuit.

Argued May 4, 1949.

Decided May 26, 1949.

74

¹ It reads, in part, as follows: "The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Attorney General to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs. The Attorney General may, upon application in writing therefor, mitigate such penalty to not less than $200 for each seaman in respect of whom such failure occurs, upon such terms as the Attorney General in his discretion shall think proper. This section, as amended, shall apply to all penalties arising subsequent to June 5, 1940."

missible under Rule 24(b) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. The District Court had discretion to refuse it, but did not exercise that discretion, basing its determination on a mistaken conclusion that the suit was moot.

2. Absent a showing that the defendant is likely again to repeat the conduct of which plaintiff complains, that part of the action which seeks a declaratory judgment is moot. However, the District Court should allow plaintiffs, should they so request, to amend the complaint to allege facts, if any, showing such a likelihood. See Southern Pac. Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515-516, 31 S.Ct. 279, 55 L.Ed. 310; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331, 334-335, and cases there cited; Walling v. Haile Gold Mines, 4 Cir., 136 F.2d 102, 105, and cases there cited.

Reversed and remanded.

Kirlin, Campbell, Hickox & Keating, New York City (Delbert M. Tibbetts, New York City, of counsel), for plaintiff.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City (Arthur C. Power, New York City, of counsel), for defendant.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The gist of the action was the validity of the demand for payment of the fine to obtain clearance in 1948. Since the master, in bringing the action, had been acting for the owner and the agents, payment of the fine by the agents did not, we think, render the action moot. The District Court should have allowed the complaint to be amended so that the suit could continue as one for the recovery of the $1,500. Intervention by the agents was per-