## HILL v. UNITED STATES.
### No. 928.

Municipal Court of Appeals
District of Columbia.

Argued June 26, 1950.

Decided July 13, 1950.

Rehearing Denied July 31, 1950.

Robert I. Miller, Joseph A. McMenamin Washington, D. C., on the brief for appellant.

Martin J. McNamara, Jr., Assistant United States Attorney, George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, all of Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

On prosecution by the United States appellant was convicted in the Criminal Branch of the Municipal Court of the offense of threats. Code 1940, 22—507. The statute provides that any person convicted of threats to do bodily harm shall be required to give bond to keep the peace for a period not exceeding six months, and in default of bond may be sentenced to imprisonment not exceeding six months. Appellant was convicted April 18 and was ordered to post a peace bond of $300 or to serve 60 days. In accordance with Municipal Court, Criminal Division, rule 9(c), an appeal bond of $300 was set, but the record shows appellant did not post either the peace bond or the appeal bond and was committed to jail. The case was argued on its merits in this court June 26.

The government on June 22 filed a suggestion of mootness, stating that the sentence here involved was completed on June 18, 1950. Appellant has now filed a reply thereto.

We agree that the case has become moot. In St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 911, 87 L.Ed. 1199, petitioner had been sentenced to five months' imprisonment by the trial court for contempt. Before certiorari was granted, petitioner had fully served his sentence. The Supreme Court in refusing to consider the merits of the appeal stated: "We are of opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate. A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it. * * * The sentence cannot be enlarged by this Court's judgment, and reversal of the judgment below cannot operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served."

The Supreme Court also rejected the argument that the moral stigma of a judg-

ment on a person's reputation entitles a person to appeal, stating: "Petitioner also suggests that the judgment may impair his credibility as witness in any future legal proceeding. But the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review. Since the cause is moot, the writ will be dismissed."[1]

Appellant seeks to distinguish the St. Pierre case on the ground that since that case involved a sentence for contempt the defendant could have gained his release at any time by answering questions of the grand jury. Regardless, however, of the correctness of this contention, the fact remains that in both cases a jail sentence had been completed when the case reached the appellate court and that in such circumstances the Supreme Court decided that the case had become moot. The reasoning of the Supreme Court applies exactly to the present case.

■ The government mentions in its suggestion of mootness that when appellant was sentenced on April 18 he was then serving a sentence imposed in another criminal case and that the judgment in the present case was not ordered to run consecutively with the prior case. Appellant in his reply brief also mentions that he was serving a sentence for another offense pending this appeal. But the record here makes no mention of any other case. In the absence of clear language to the contrary it is presumed sentences imposed on more than one offense at the same time or at different times will run concurrently.[2] It may well be that appellant would not have gained his liberty even had he posted an appeal bond in the present case, but it is still true, as stated by the Supreme Court, that reversal of the judgment below can not operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served. It would hardly be argued by appellant that affirmation of the judgment below would result in his serving another sentence. We are in the same position as was the Supreme Court in the St. Pierre case when it stated: "Nor has petitioner shown that under either state or federal law further penalties or disabilities can be imposed on him as a result of the judgment which has now been satisfied."

Appeal dismissed.

## On Motion for Rehearing

PER CURIAM.

We previously dismissed this appeal as moot because when its status was first called to our attention the sentence imposed had already been completely served by appellant. Appellant has now filed a motion for rehearing and reconsideration on the ground that such decision places this court in a position to declare any case moot in which a defendant is serving a sentence by setting a date for hearing beyond the final date served by the defendant in order to complete his sentence. We do not understand that it is even suggested that any court would pursue such a course deliberately, but we think it may be helpful to the Bar to call attention to certain of the rules of this court in order that not even the possibility of such a contingency may arise in the future.

In this case the appellant was convicted of the offense of threats April 18, 1950, and ordered to post a peace bond of $300 or to serve 60 days.[3] The peace bond was not posted and service of the sentence began. An appeal bond of $300 was immediately set. A motion for new trial was made in the trial court April 19, 1950, and denied April 21. Notice of appeal was filed in the trial court April 22. A designation of record and statement of errors was filed in the trial court April 26. Copies of these papers and a statement of proceedings and evidence signed by the trial judge were filed with the clerk of this court May 15, 1950. Appellant's brief was filed here June 2, the government's brief was filed June 16, and

---

1. Cf. Hanback v. District of Columbia, D. C.Mun.App., 35 A.2d 189.

2. Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Zerbst v. Lyman, 5 Cir., 255 F. 609; 24 C.J.S., Criminal Law, § 1996.

3. Code 1940, 22—507.

the case was heard here on oral argument June 26. All the above steps were taken within the times allowed by our rules. On June 22 (four days before oral argument) the government filed a suggestion of mootness stating that the sentence had been completed on June 18, 1950. It was stated in connection with the suggestion of mootness that appellant, when sentenced on April 18, was already serving a sentence imposed in another criminal case and that he continued to serve the other sentence while this appeal was pending. As stated in our opinion of July 13, 1950, the record on appeal did not disclose this fact, and we were not aware of it until after the sentence in the instant case had been completed. We decided that the case had become moot on the authority of St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L. Ed. 1199, because there was no longer a subject matter on which the judgment of this court could operate.

The time schedules of this court regulating various steps on appeals of right (Rule 27) provide very brief periods. For example, five days is allowed for notice of appeal, five additional days for designation of record and statement of errors, three days for counter designation of record, ten days from the filing of notice of appeal for submission to the trial judge of statement of proceedings and evidence or reporter's transcript, an additional ten days for approval of such statement of proceedings or transcript, three days for filing the transcript of record on appeal in this court, twenty days for the filing of appellant's brief, fifteen days thereafter for appellee's brief and five additional days for appellant's reply brief.

Another rule (Rule 32) permits the use of original papers on appeal and the statute itself [4] provides that there shall be no requirement for printed records or briefs.

Although these time intervals are short, specific provision is made whereby they may be shortened still further. We emphasize that our Rule 38(b) provides as follows: "Upon motion filed with the clerk, for good cause shown, or upon the court's own initiative, the court may order that any appeal be specially set for hearing in advance of its position on the calendar. Such order may be made before or after the filing of briefs, and may shorten the time for the filing of briefs prescribed in Rules 27 and 30."

■　The foregoing rule makes it possible for counsel and parties to expedite the hearing of appeals. All criminal appeals involve either the United States attorney or the corporation counsel of the District of Columbia, and we feel confident that those officials will cooperate fully in implementing the rule when there is need for haste. This court, of course, will be glad to do its part whenever practicable and an emergency need is shown to the end that delay shall never cost any litigant his right of review, especially in a criminal case. But parties or their counsel have the responsibility for calling to our attention the need for emergency action.

The motion for rehearing is denied.