91 A.2d 14 (1952)
DAVIS
v.
DISTRICT OF COLUMBIA.
No. 1224.
Municipal Court of Appeals District of Columbia.
Argued August 4, 1952.
Decided August 22, 1952.
Rehearing Denied September 22, 1952.
James B. Davis, pro se.
Edward A. Beard, Asst. Corp. Counsel, Washington, D. C. (Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., on the brief), for appellee.
Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.
CAYTON, Chief Judge.
Appellant, a taxicab driver, was convicted of violating a local traffic regulation, Part I, Sec. 11(a) (1) in that he failed to yield the right-of-way to pedestrians who were within a crosswalk at a street intersection. He brings this appeal.
There is pending before us the Government's motion to dismiss the appeal, based on the ground that because appellant has paid the $50 fine imposed upon him the appeal has become moot. Appellant answers this by saying he did not pay the fine voluntarily but that it was extracted from the $100 collateral he had posted at the time of his arrest. On somewhat similar facts the same question has been before us in earlier cases. In Hanback v. District of Columbia, D.C. Mun.App., 35 A.2d 189, this court ruled that where a defendant had paid a fine without attempting to stay judgment, the payment satisfied the judgment and rendered the case moot. Much more recently in Tatum v. United States, D.C. Mun. App., 88 A.2d 495, a defendant had been convicted of petit larceny and though he had already served the sentence imposed upon him we ruled that because the conviction resulted in the revoking of his parole *15 and required him to serve time on an earlier conviction, he had a substantial stake in prosecuting the appeal and we declined to hold the question moot. The question has also recently been before the Supreme Court, in Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196. There, though the defendant had served his sentence the Court held that the appeal was not moot where the conviction was attended by consequences such as vulnerability to deportation, possible denial of naturalization and other disabilities.
There is considerable uncertainty in the case now before us as to whether the fine was paid voluntarily. Also we are told, though not by the official record, that appellant may, by reason of this conviction, be subject to a suspension of his hacker's license. Thus the conviction would carry with it certain burdens and disabilities. That being so we should be slow to rule that the appeal is moot, and we think it more wise and fair to proceed to decide the case on its merits. On some future occasion when the same question may again be presented on a record less free from doubt we shall not hesitate to consider the question of mootness in its full aspects. In the meantime decision may wait until decision becomes necessary, or at least desirable.
Turning to the merits it is necessary to recite the more important parts of the testimony, since one of appellant's contentions is that on the facts he was entitled to an acquittal as a matter of law. The alleged offense took place in downtown Washington during a rain storm. Two witnesses, Mr. and Mrs. Sully, testified that they were walking north across E Street within the west crosswalk of 11th Street, having a green traffic light in their favor. They said that when they reached a point approximately twelve feet from the north curb of E Street and about ten feet west of the west curb of 11th Street, they were struck by defendant's vehicle; that neither of them saw the vehicle before being struck; that Mr. Sully was forced against his wife and that they both fell to the street. They were both taken to a hospital for treatment.
There were two other witnesses who though they did not see the defendant's taxicab strike the Sullys, did see them lying in the street after being struck, and their estimate in feet placed the Sullys within the crosswalk. A police officer from the Accident Investigation Unit who came on the scene after the collision testified as to measurements he made and as to other physical facts which substantiated the testimony of the four other Government witnesses, that the point of impact was within the crosswalk.
Defendant testified that he was driving north on 11th Street, stopped for a red light at E Street, and when the light changed to green proceeded to make a left turn into E Street. He said that because of the rain he had his left front window rolled down, his windshield wipers working, and also his defroster to prevent steam from forming on the inside of his windshield. He further testified that his headlights and brakes were in excellent condition. He said that he at all times observed the area he was about to enter; that he drove into the intersection at five miles per hour and did not see the Sullys until he was about fourteen feet from the north curb of E Street and parallel thereto, and that it was then that "a face appeared from under a lowered umbrella directly in front of the right side of the hood of the defendant's automobile, and that defendant immediately braked to a stop, and at that moment for the first time the defendant saw the complaining witness Mr. Sully fall to the street in front of the right headlight of the defendant's automobile." He said Mr. and Mrs. Sully were both dressed in black and that the umbrella was black. According to his estimates and statements these two pedestrians were not within the crosswalk when struck.
We must rule that the evidence by no means entitled appellant to an acquittal as a matter of law. The objective testimony of four witnesses plus the circumstantial evidence given by the police officer placed the Sullys within the crosswalk at the time of impact. We would have no right to say that the trial judge should have *16 rejected all this testimony and accepted defendant's contention that the persons he struck were not within the protected area of the crosswalk.
As to defendant's testimony that he did not see the victims until he struck them it is settled that this constitutes no defense. This is the law in civil cases. Brown v. Saunders, D.C.Mun.App., 89 A.2d 632; Brown v. Clancy, D.C.Mun.App., 43 A.2d 296; Capital Transit Co. v. Holloway, D.C. Mun.App., 35 A.2d 649. It is also the law in criminal cases. In Ziegler v. District of Columbia, D.C.Mun.App., 71 A.2d 618, a defendant was charged with violating a traffic regulation which required that a motorist give full time and attention to the operation of his vehicle. The evidence showed that as he was making a left turn five small children were attempting to cross the street. Three of them crossed in safety but he struck the other two. Despite his explanation that in directing his attention toward the three children he had seen he failed to see the other two children, he was convicted and we affirmed.
Appellant says that the trial court "erred in not allowing defendant to present testimony that complaining witnesses were in fact unlawfully crossing street." But the record does not show that the trial court excluded any evidence whatever or denied appellant the opportunity of presenting evidence on this or any other part of his defense, on cross-examination or otherwise.
Another assignment of error charges that Mrs. Sully was improperly permitted to be in the company of her husband following her testimony and prior to the husband's testimony. Again the appellant is making a contention not supported by the record. The statement of evidence recites that Mr. Sully testified ahead of his wife. Moreover the record does not indicate that either party requested the exclusion or segregation of witnesses.
Appellant complains that the trial court exceeded its powers in imposing sentence because it added to the sentence of $50 the words "or 50 days."[1] We have several times ruled that the Code authorizes this method of sentencing and that such does not constitute a jail sentence but is a necessary and proper method of enforcing payment of a fine. Perlich v. District of Columbia, D.C.Mun.App., 90 A.2d 227, and cases there cited.
Another matter requires a word of mention. In his brief appellant says that he should have been permitted a continuance. But refusal of a continuance was not included in the assignments of error filed in the trial court nor in those listed in appellant's brief in this court. He does argue the point in his brief under a general argument that the trial court displayed prejudice and bias. This specific charge and the general charge with which it is presented have no support in the record. The transcript shows the following: "When the case was called, defendant stated that his counsel was engaged before the District Court of the United States but that he would appear later. When the case was called again defendant's counsel was still engaged before another court. A continuance date was discussed but no satisfactory date was agreed upon by the parties and thereafter defendant was asked if he were willing to proceed without counsel, to which he answered in the affirmative." Obviously under these circumstances we must rule that appellant can claim no prejudice.
Because of the seriousness to defendant of the conviction and the effect it may have on his livelihood we have given particular care to the study of this case. Having in mind the adverse weather conditions and poor visibility with which he was confronted at the time, it is fair to say that we do not thnk his offense was of an extreme or aggravated nature. But it is no part of our function to weigh the degree or extent of a defendant's guilt. Our function is only to decide whether the evidence supports the conviction. We are satisfied that it does, and that it reveals no prejudicial error.
Affirmed.
NOTES
[1] Appellant says that this part of the sentence was not made known to him at the time but was added later without his knowledge. The record does not reveal that this was so.