able), but from the judgment and sentence on the plea of guilty, and the matter stands before us on that appeal. So standing it presents nothing whatever for our consideration.

No error is, or could be, assigned to any matter or thing occurring on the trial. The record shows that nothing occurred except the indictment, the entry of a plea of not guilty, the withdrawal of that plea, the entry of a plea of guilty, the judgment of conviction, the motion for reduction of sentence, and its denial. Nothing is pointed to, nothing appears in the record on which a claim of error is, or could be, assigned.

No error appearing, the judgment is affirmed.

PER CURIAM.

The payment of the fine in the above case under the authority of Hanback v. District of Columbia, D.C.Mun.App., 35 A.2d 189, and cases therein cited has rendered this case moot, and therefore this appeal is ordered dismissed.

## WEISS v. UNITED STATES.

### No. 31, Docket 22399.

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1952.

Decided Oct. 29, 1952.

## GILLEN v. UNITED STATES.

### No. 13276.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1952.

John R. Golden, San Francisco, Cal., Spurgeon Avakian, Oakland, Cal., Lohse & Fry, Reno, Nev., and Herbert Chamberlin, San Francisco, Cal., for appellant.

Miles N. Pike, U. S. Atty., Bruce R. Thompson, Robert McDonald, Asst. U. S. Atty., Reno, Nev., Ellis N. Slack, Asst. Atty. Gen., for appellee.

Before HEALY and POPE, Circuit Judges, and HARRISON, District Judge.

Sidney Morse, New York City, for appellant.

Frank J. Parker, U. S. Atty., Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., Holmes Baldridge, Asst. Atty. Gen., D. Vance Swann and Thomas E. Walsh, Attorneys, Department of Justice, Washington, D. C., for appellee.