**REED v. UNITED STATES.**

No. 1282.

Municipal Court of Appeals
District of Columbia.

Argued Dec. 1, 1952.

Decided Jan. 6, 1953.

On Suggestion of Mootness Feb. 13, 1953.

Robert C. Chalfonte, Washington, D. C. (Myer Koonin, Washington, D. C., on the brief), for appellant.

Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C. (Charles M. Irelan, U. S. Atty., Joseph M. Howard and Edward O. Fennell, Asst. U. S. Attys., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of a charge of unlawfully inviting one Palmisano to accompany him for a lewd and immoral purpose.[1] Palmisano, a police officer, was the sole witness for the Government. He testified that appellant engaged him in conversation in the men's room of a bus station, said he would talk to witness outside and shortly thereafter on the street invited witness to go with him and commit an act of perversion.

At the close of the Government's case appellant moved for a judgment of acquittal on the grounds (1) that there was a fatal variance between the information and the proof and (2) that there was no corroboration of the officer's testimony. The trial court, who heard the case without a jury, denied the motion. Appellant stood upon his motion, offered no testimony, and was found guilty.

The claim of variance rests on the fact that the information charged that the offense was committed in the bus station whereas the testimony was that the actual invitation was made on the street. We think the variance, if such it was, was not fatal. The conversation commenced in the bus station and led up to the invitation made outside. While it would have been more accurate to charge that the offense was committed on the street, the inaccuracy in the information, in our opinion, did not mislead appellant or deprive him of any substantial right.

The second claim of error is based upon the decision in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, 154. There the court, after discussing the devastating results which may flow from a mere accusation of an offense of this sort as well as the possibility of blackmail inherent in such an accusation, said:

"We shall, for the present, refrain from imposing rigid requirements as to quantity or character of proof in these cases, but we call to the attention of the trial courts certain considerations which we think should govern them in respect to these charges. We counsel them thus in three respects.

"In the first place, the testimony of a single witness to a verbal invitation to sodomy should be received and considered with great caution. * * *

"In the second place, we emphasize that what we said in Villaroman v. United States [87 U.S.App.D.C. 240, 184 F.2d 261] concerning evidence of good character, is particularly applicable to this class of cases. * * *

"In the third place, we counsel that the trial courts require corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances."

We are here concerned with only the third counsel because we assume the trial court received the officer's testimony with due caution and there was no character testimony to be considered. The trial court was counseled by the highest court of this jurisdiction to "require corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances." In this case there was not one bit of corroborating evidence that appellant was present at the time and place of the alleged offense. It is clear that the trial court did not follow the counsel given in the Kelly case with respect to corroboration.

The Government argues that since the testimony of the officer was uncontradicted

---

1. Code 1951, § 22–2701.

and unimpeached, it was not necessary that it be corroborated. However, the United States Court of Appeals counseled the trial court as to the corroboration to be required in this type of case and, as we read the opinion, made no exception to that requirement.

The Government further contends that the Court of Appeals merely "counseled" the trial court to require corroboration and did not expressly direct such requirement. We think, as Judge Proctor said in his dissent in the Kelly case, that the Court of Appeals expected its counsel to be followed or it would not have been given. A reading of the opinion in the Kelly case indicates that the counsel there given was reached only after much consideration and deliberation. Our conclusion is that the trial court cannot ignore that counsel.

The Government cites in support of its position our decisions in King v. United States, D.C.Mun.App., 90 A.2d 229, and Bicksler v. United States, D.C.Mun.App., 90 A.2d 233, wherein we affirmed convictions on charges of the same kind here involved. In those cases, however, there was corroboration, because in each case the defendant took the stand and admitted his presence at the time and place charged and admitted engaging in conversation with the officer.

We understand the Kelly case to hold that where the offense charged consists of a verbal invitation to do a perverted act, a judgment of conviction cannot be sustained upon the testimony of one witness alone unless there is corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place. There was no such corroboration in this case and the judgment must be reversed.

Reversed.

On Suggestion of Mootness

PER CURIAM.

On suggestion of mootness filed by the Government after the decision of this court was rendered, and it appearing that before rendition of the decision appellant had served his sentence and paid his fine, it is ordered that the judgment of this court be vacated and the appeal be dismissed as moot.