## RICHARDS v. UNITED STATES.
### No. 11674.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 19, 1954.

Decided April 22, 1954.

Mr. Josiah Lyman, Washington, D. C., with whom Mrs. Kathryn M. Schwarz, Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D.C., were on the brief, for appellee. Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., at time record was filed, and William R. Glendon and William J. Peck, Asst. U. S. Attys., Washington, D. C., at time record was filed, entered appearances for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant was convicted of grand larceny, and sentenced to a term of 20 months to five years, on June 19, 1950. June 27, 1950 his counsel filed a notice of appeal, and also a motion to reduce sentence. July 11, 1950 the District Court entered an order (dated June 30) purporting to reduce the *minimum* sentence to 13 months.

The provision in Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. that "The court may reduce a sentence within 60 days after the sentence is imposed" is not applicable during an appeal. The District Court's order was therefore invalid. On December 2, 1952, the District Court vacated the order.

We affirmed appellant's conviction. 89 U.S.App.D.C. 354, 192 F.2d 602, 30 A.L.R.2d 880. The Supreme Court denied certiorari. 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703. As Rule 35 permitted, within 60 days after certiorari was de-

nied appellant filed in the District Court, on April 23, 1952, a motion to reduce his sentence further. This motion assumed that the earlier order reducing sentence was valid. On April 25, 1952, in open court, Government counsel duly questioned this assumption. This colloquy followed: "The Court. Well, if there is any question about it, present me a new judgment and make it nunc pro tunc, because there is no question. I do want him to have the benefit of the lesser sentence. Mr. Lyman. May I present you a new judgment, and make it nunc pro tunc, your Honor? The Court. Yes. If there is any question about it, I want him to have the benefit of it. I am fully aware that I have the right under the rules to do it. It was done within the sixty-day period. Mr. Lyman. Thank you."

But Mr. Lyman failed to present a new judgment. Accordingly no judgment was entered either to remove the "question" about the validity of the earlier order reducing sentence or to give appellant "the benefit of the lesser sentence". And the court denied appellant's motion of April 23, 1952.

 In the present proceeding, ostensibly under 28 U.S.C. § 2255, appellant contends that the colloquy of April 25, 1952 reduced his minimum sentence to 13 months. We think it plain that it was not intended to, and did not, have that effect. Appellant points to Rule 36 of the Federal Rules of Criminal Procedure, which provides that "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time * * *." But this Rule does not aid appellant. Counsel's failure to prepare and present a new judgment, as the court invited him to do, was neither a "clerical" mistake nor a mistake in "judgments, orders or other parts of the record", and there appear to be no "errors in the record", if the quoted words are construed in their ordinary sense. Moreover, if the words of § 2255 are construed in their ordinary sense they do not apply to this case, since they deal with illegal sentences.

The appellant has already served 20 months. Yet there is some possibility that the fact of his having had a minimum sentence of 20 months rather than 13 may in some indirect way affect him adversely in the future. Cf. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; United States v. Morgan, 346 U.S. 502, 512–13, 74 S.Ct. 247. We therefore reject appellee's contention that the appeal is moot.

Affirmed.

BAZELON, Circuit Judge, dissents.