THE STATE OF DELAWARE v. THOMAS FISHER.

(*July* 15, 1954)

HERRMANN, J., sitting.

*Clarence W. Taylor*, Deputy Attorney-General, for the State of Delaware.

*Newton White* for the defendant.

Superior Court for New Castle County, No. 425, September Term, 1953.

HERRMANN, J.:

The defendant appeals from a conviction by a Justice of the Peace on a charge of driving a motor vehicle while under the influence of intoxicating liquor. Immediately after his arrest and without the benefit of counsel, the defendant was arraigned and tried upon his plea of not guilty. Having found the defendant guilty, the Justice of the Peace sentenced him to

pay a fine of $100 and costs. The defendant immediately paid the fine and costs and filed this appeal two days later.

The State moves to dismiss the appeal on the ground that the defendant waived his statutory[1] right to appeal by paying the fine. In support of this contention, the State relies upon *State v. Schreiber*, 1933, 5 *W. W. Harr.* 424, 166 *A.* 669. In that case, the defendant had pleaded guilty in the lower court and had paid the fine imposed. This Court dismissed the appeal in that case holding that "The defendant voluntarily paid the fine and costs imposed on him by reason of his plea of guilty and has, therefore, waived his right of appeal in this case."

Until 1953, the *Schreiber* case was undoubtedly the controlling authority in this Court on the subject question. I am of the opinion, however, that the rule of the *Schreiber* case has been changed by a Statute adopted as part of the *Delaware Code of 1953*. That Statute is 11 *Del. C.* § 4104 and it provides as follows:

"§ 4104. Refund of fines upon reversal of conviction

"(a) The State Treasurer shall remit to each person, or to the attorney of such person, who has paid a fine upon a conviction which was later set aside by a court of higher jurisdiction upon a *certiorari* or appeal from the lower court.

"(b) The State Treasurer shall pay the refund upon proper voucher drawn by the person, or by the attorney of such person, upon whom the fine was originally imposed when the voucher is

---

[1]21 *Del. C.* § 708 provides:

"Any person convicted under the provisions of this title [Motor Vehicles] shall have the right of an appeal, unless otherwise stated in this title to the Superior Court, upon giving bond in the sum of $500 to the State with surety satisfactory to the Mayor, justice of the peace, or a judge before whom such person was convicted, such appeal to be taken and bond given within 15 days from the time of conviction. Such appeal shall operate as a stay or *supersedeas* of all proceedings in the court below in the same manner that a *certiorari* from the Superior Court operates. The taking of such appeal shall constitute a waiver by the appellant of his right to a writ of *certiorari* in the Superior Court."

accompanied by a certificate of the Prothonotary of any of the several counties showing that the conviction of the lower court upon which the fine was imposed has been set aside by a higher court."

I find 11 *Del. C.* § 4104 and the ruling of the *Schreiber* case to be irreconcilable. Implicit in the statutory right to recover the amount of a fine after a successful appeal is the right to take that appeal after the fine is paid. The grant of the right to recover a fine after appeal would be rendered nugatory if the payment of the fine is deemed to destroy the right of appeal.

Moreover, it has been held that the possibility of recovering a fine constitutes a "substantial stake" in a judgment of conviction which survives the satisfaction of the sentence of the lower court. This was the conclusion of the Court of Appeals of Maryland in *Duncan v. State*, 1948, 190 *Md.* 486, 58 *A.* 2d 906. I adopt the views and the conclusion expressed in the *Duncan* case.

The State contends that, in preparing 11 *Del. C.* § 4104, the Code Commission changed the then-existing Statute. The State urges the Court to look beyond the language of 11 *Del. C.* § 4104 to 48 *Del. Laws* Ch. 278, from which § 4104 was derived and, by construction, to limit the application of § 4104 to *certiorari* proceedings in accordance with the original Statute. This may not be done. The language of 11 *Del. C.* §.4104 is plain and unambiguous and its meaning is clear. There is no room for construction and the Statute must be enforced as written. *Monacelli v. Grimes, Del.*, 99 *A.* 2d 255.

In view of 11 *Del. C.* § 4104, it is held that the defendant did not waive his statutory right of appeal by paying the fine imposed by the Justice of the Peace.

The motion to dismiss the appeal will be denied.