George H. WILLIAMS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 14957.

United States Court of Appeals District of Columbia Circuit.

March 9, 1959.

Motion for Reconsideration In Banc Denied April 2, 1959.

braska was released by the hearing examiner March 26, 1958.

Mr. Franklin Dea (appointed by the Municipal Court), Washington, D. C., was on the pleadings for petitioner.

Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Jerome A. Cohen, Asst. U. S. Attys., were on the pleadings for respondent.

Before BAZELON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

Upon consideration of the petition for allowance of an appeal from the Municipal Court of Appeals, of the brief in support, of respondent's suggestion of mootness, of petitioner's reply to the suggestion of mootness, and of respondent's reply to petitioner's reply, it is

Ordered by the court that the petition for allowance of an appeal is denied.

BAZELON, Circuit Judge.

I dissent. The record filed with this court indicates that the Municipal Court, in denying petitioner's motion to suppress certain evidence admitted at trial, acted in a manner contrary to the decision of this Court in Williams v. United States, 1956, 99 U.S.App.D.C. 161, 237 F.2d 789. I would have this Court review the judgment of the Municipal Court of Appeals affirming petitioner's conviction. The fact that petitioner has now fully served his sentence does not, in my opinion, moot the case. A pauper defendant committed to a short prison term as the result of a Municipal Court conviction does not have the funds with which to seek admission to bail. Frequently, therefore, by the time his case has been heard on the merits in this court, or even before the appeal can be allowed, as here, he has served his sentence. Under such circumstances, it appears that "＊ ＊ ＊ petitioner could not have brought his case to this Court for review before the expiration of his sentence ＊ ＊ ＊." Cf. St. Pierre v. United States, 1943, 319 U.S. 41, 43, 63 S.Ct. 910, 911, 87 L.Ed. 1199. It would be inequitable to allow an unjust conviction to stand where the defendant, for lack of funds, has served his term.