Robert E. **FUNKHOUSER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8094.

United States Court of Appeals
Fourth Circuit.

Argued June 8, 1960.

Decided Sept. 7, 1960.

342

Robert E. Funkhouser, pro se.

Robert E. Cahill, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and CHARLES F. PAUL, District Judge.

PER CURIAM.

The instant appeal in a post-conviction proceeding, the second brought here by Robert E. Funkhouser, is the latest step of a number taken by him to "correct an illegal sentence." The sentence, imposed on June 6, 1952, following his conviction of income tax evasion in the years 1943 to 1947 inclusive, was imprisonment for one year and a fine of $25,000.[1] Funkhouser's chief claim, both in the District Court and here, is that he was illegally deprived of his right of appeal. He insists that he gave notice of appeal within the ten day period provided by law.

An unusual feature of the defendant's present effort is that he presented, for the first time, as an appendix to his brief in this Court, an unauthenticated photostatic copy of a previously undisclosed letter which he claims to have sent Judge W. Calvin Chesnut, who presided at his trial and passed sentence upon him. The letter bears date of June 6, 1952, the very day of the sentence, and, according to the defendant, was a timely notice of appeal which the Judge should have filed in the Clerk's office among the papers of the case, but which the defendant claims the Judge mailed back to the defendant's wife.

Since submitting its additional brief the Government now calls our attention to the discovery of a letter in Judge Chesnut's file which is dated June 6, 1952, but its text is entirely different from that of the photostat bearing the same date, which the defendant submitted. The Government contends that while this newly discovered letter does not sustain the theory which it has heretofore advanced, the letter does in fact completely refute the defendant's contention and shows the photostat submitted by the defendant to be spurious.

The issue which has now developed between the parties is not one we should attempt to decide upon documents not in the record and explanations unsupported by sworn testimony. "It is not appropriate to make the initial tender of factual issues in the Court of Appeals." Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536, 542. In the circumstances we vacate the order and remand the case to the District Court for the reception of evidence from both parties upon the above issue and others raised by the defendant. The District Judge should then make specific findings of fact and conclusions of law upon all such issues.

Order vacated and case remanded for further proceedings.

1. It is not free from doubt under United States v. Morgan, 1952, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, whether, the prison term having been served, the sentence is now open to attack; but it would seem at least that the fine, if illegal, might be restored. At all events the U. S. Attorney makes no point of this.