**Clarence E. BUTLER, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3413.**

District of Columbia Court of Appeals.

Argued March 23, 1964.

Decided April 30, 1964.

Richard B. Sobol and Ralph J. Temple, Washington, D. C., with whom Dennis G. Lyons, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant was convicted by the trial court of making a false report to the Metropolitan Police Department in violation of Article 19, Section 5, of the Police Regulations of the District of Columbia, and sentenced to pay a fine of $150 or, in default thereof, to serve sixty days in jail. Appellant paid the full amount of the fine. Ten days later he filed this appeal. For reasons hereinafter stated, we must dismiss the appeal as it has become moot by appellant's paying the fine in full.

The rule of mootness in criminal appeals, terminating further consideration of the case on its merits, was clearly enunciated in St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943). That case laid down certain guidelines for determining whether review of the merits was required after the defendant had completed service of sentence and secured an unconditional release. Subsequent decisions of the Supreme Court involving mootness have not changed these criteria or overruled the principles of the St. Pierre case. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248 (1954); Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). In each of these cases the Court was required to decide whether the conviction entailed collateral legal disadvantages which survived the satisfaction of the sentence served, or the fine paid, which afforded the defendant a substantial interest or stake in the appeal justifying consideration of the case on the merits. The contention that there is a right to clear a moral stigma or to protect loss of economic opportunities was expressly rejected as a basis for ignoring the bar of mootness. St. Pierre v. United States, supra, 319 U.S. page 43, 63 S.Ct. 910, 87 L.Ed. 1199; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). See also Hill v. United States, D.C.Mun.App., 75 A.2d 138 (1950).

In Hanback v. District of Columbia, D. C.Mun.App., 35 A.2d 189 (1943), we held that the general principles announced in St. Pierre v. United States also governed a criminal appeal involving full payment of a fine after conviction and sentence, saying:

"The authorities permitting appeals where fines have been paid, and in some instances even where sentences have been served, say the appeal should be allowed to give appellant an opportunity 'to clear his reputation,' to 'undo the disgrace and legal discredit,' to be 'relieved of the odium and disgrace,' and to 'remove the stigma' of the convictions. This view was urged on the Supreme Court in the St. Pierre case but the court rejected it, saying: 'Petitioner also suggests that the judgment may impair his credibility as witness in any future legal proceeding. But the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review. * * *'" (35 A.2d p. 191)

The principle of this decision has been followed by a number of Federal circuit courts of appeal. Williams v. United States, 105 U.S.App.D.C. 166, 265 F.2d 358 (1959); United States v. Galante, 298 F.2d 72 (2nd Cir. 1962); Government of Virgin Islands v. Ferrer, 275 F.2d 497 (3rd Cir. 1960); Williams v. United States, 261 F.2d 224 (9th Cir. 1959), cert. denied 358 U.S. 942, 79 S.Ct. 349, 3 L.Ed.2d 349 (1959); Gillen v. United States, 199 F.2d 454 (9th Cir. 1952); Kelley v. United States, 199 F.2d 265 (4th Cir. 1952).

Appellant urges in argument that the bar of mootness in criminal appeals has been completely eliminated and that every defendant therefore should be entitled to a review of the merits of his appeal without regard to the fact that his sentence has been served or his fine paid in full.

■ We are not prepared to rule that it was the intention of the federal decisions to

date that every criminal appeal should survive the bar of mootness merely because a conviction may carry with it some adverse effect upon the legal status of the defendant. As we interpret them, any noticeable liberality in the allowance of appellate review in these situations appears only in those cases where defendant can show that ascertainable, collateral consequences are present and sufficiently substantial to justify an examination of the merits. Review is neither an automatic nor presumptive right of every criminal defendant, and where he has satisfied his sentence, the burden is upon him to produce competent evidence that he in fact has an actual, definable stake in the proceeding (See St. Pierre v. United States, supra; Pollard v. United States, supra)—that the conviction has a material effect upon present legal rights, not upon some unforeseeable, remote event that could possibly arise in appellant's future.

■ The record fails to substantiate that appellant's legal rights are materially affected by the judgment of conviction or that adverse consequences will flow if it is left undisturbed. Neither possible loss of economic opportunities nor possible ineligibility for employment dispels the barrier to mootness in this criminal appeal involving a conviction for violation of a municipal regulation, for which appellant has paid the penalty.

■ Had appellant (who had the advice and assistance of competent counsel during trial) wished to preserve his right to review on the merits, he could have requested the trial court to stay payment of the fine and permit him to post it in lieu of bail pending final disposition of an appeal. This is normal procedure in such a case. He, however, made no protest. There is no claim that the payment was made by mistake. The most that can be said on his behalf is that he paid the fine in order to

avoid a default, for which a jail sentence would have followed. Whatever his intention is not material, for a complete satisfaction of the judgment was effected.[1] The indisputable fact is that his action left nothing to litigate.

Appeal dismissed.

HOOD, Chief Judge (concurring).

I concur in the opinion of Judge Myers, but feel I should make these few observations.

With respect to voluntary payment of the fine, it should be noted that before trial appellant stated he neither needed nor wanted counsel, but nevertheless the trial court appointed counsel for him and such counsel was present at the time of sentencing. It seems obvious to me that appellant had available means of ascertaining his right of appeal and right to post the amount of the fine as bail on appeal. Without seeking advice on the matter he paid the fine, and in my opinion such payment was voluntary in the sense that it could have been avoided pending appeal.

With respect to the collateral consequences of a conviction necessary to prevent the appeal becoming moot by payment of fine or service of a sentence, it is my understanding those consequences must affect some right of the defendant existing at the time, and that the possibility that some right may be affected in some way at some future time is not sufficient. It is conceivable that a conviction of any criminal offense may at some time in a defendant's life have a detrimental effect, but if this is to be the test, then the question of mootness by service of sentence or payment of fine is completely eliminated in all cases.

Finally, if the rule that a conviction should not be reviewed because it has become moot by reason of service of sentence or payment of fine, appears to be harsh in

1. Reed v. United States, D.C.Mun.App., 93 A.2d 568, 570, (1953); Hanback v. District of Columbia, D.C.Mun.App., 35 A.2d 189 (1943).

that it may leave standing an erroneous conviction, I suggest it is no more harsh than the long-established rule that if the sentence imposed is supported by one count of an indictment, the question of the validity of a conviction under other counts charging other crimes need not be considered. Claassen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966 (1891). Thus, just recently the United States Court of Appeals for this Circuit, finding that convictions under counts three and four of an indictment were proper, held it was not necessary to pass upon the validity of convictions under counts one and two.[1] And likewise this court recently in affirming convictions of soliciting for lewd and immoral purposes found it unnecessary to review convictions of vagrancy.[2] Under this rule, as under the mootness rule, there is always the chance that an erroneous conviction may stand unreviewed and unreversed.

QUINN, Associate Judge (dissenting).

This case presents a simple issue: Are we to deny appellant review of a criminal conviction[1] because he unwittingly paid a $150 fine before noting his appeal? I cannot agree with a rule which places procedural niceties above the fair and effective administration of justice.

The record reveals that appellee filed a motion to dismiss the appeal on the ground of mootness prior to oral argument. Appellant entered an opposition thereto and, after due deliberation, we unanimously denied the motion. Appellee, nevertheless, renewed the contention in its brief and a majority of the court now finds the contention dispositive. I would affirm our prior ruling.

Appellant attached an affidavit to his opposition which stated:

"Immediately following sentencing, I was taken down to a cell block in the courthouse building. I did not receive advice from anyone as to my right to appeal or my right to be released from prison on bail bond during an appeal. I thought that I could appeal my conviction, although I was not certain. But I did believe that the only choice open to me, even if I did appeal, was to pay the fine or to begin the 60 day sentence. I telephoned my wife from the courthouse about 12:30 p. m. At about 3:15 p. m. she came down with the $150, which she had obtained from five of my relatives and we paid the fine and I was then released."[2]

Despite these assertions, the majority opinion recites:

"There is no claim that the payment was made by mistake. The most that can be said on his behalf is that he paid the fine in order to avoid a default, for which a jail sentence would have followed. Whatever his intention is not material, * * *."

It is wrong to summarily reject appellant's sworn statement. While a proper request to the trial court would have stayed

1. Moore v. United States, D.C.Cir., 330 F.2d 842 (March 26, 1964).

2. Willis v. United States, D.C.App., 198 A.2d 751.

1. Article 19, Section 5 of the Police Regulations of the District of Columbia provides: "Any person who shall make or cause to be made to the Metropolitan Police Department of the District of Columbia, or to an officer or member thereof, a false or fictitious report of the commission of any criminal offense within said District, or a false or fictitious report of any other matter or occurrence of which said Metropolitan Police Department is required to receive reports, or in connection with which said Metropolitan Police Department is required to conduct an investigation, knowing such report to be false or fictitious; * * * shall be punished by a fine not exceeding $300 or by imprisonment not exceeding ten days."

2. Appellant was represented by court-appointed counsel in the trial court and by retained counsel on appeal.

payment of the fine or permitted appellant to post it in lieu of bail, there is no indication that appellant was advised of his procedural rights. His affidavit, in fact, is completely to the contrary. Under such circumstances this court has never previously refused to hear the merits of an appeal. Compare Rosenau v. District of Columbia, D.C.Mun.App., 147 A.2d 445 (1959); Thomas v. United States, D.C. Mun.App., 129 A.2d 852 (1957); Davis v. District of Columbia, D.C.Mun.App., 91 A. 2d 14 (1952). I would proceed to a consideration of the merits.

Secondly, I find that the majority position is legally untenable. Hanback v. District of Columbia, D.C.Mun.App., 35 A.2d 189 (1943), a majority decision of this court more than two decades ago, stands for the general proposition that the payment of a fine, like the service of a sentence, eliminates the subject matter of the dispute by satisfying the judgment. It proceeds upon the theory that since a defendant no longer has a legal interest in the litigation, a "case or controversy" has not been presented for appellate review.[3] While Hanback has had some recent adherents,[4] many authorities reject its rationale.[5] Thus, claims of mootness have been denied where, as here, payment of a fine did not indicate acquiescence in the judgment;[6]

where payment was made under protest;[7] and where some possibility existed of recovering the fine.[8] In the District of Columbia it is apparent that such possibility exists. See Code 1961, § 1–902. Moreover, this court has held that payment of a judgment in a civil case will not necessarily constitute waiver of the right to appeal since the amount paid may be recovered from the judgment holder if the appeal is successful. Morfessis v. Marvins Credit, D.C.Mun.App., 77 A.2d 178, 180, 26 A.L.R. 2d 1082 (1950). Today's application of a harsher rule in criminal appeals seems manifestly unjust.

Insofar as Hanback rests upon St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943), I doubt its continued validity. Subsequent decisions of the Supreme Court have significantly modified the St. Pierre holding. Wetzel v. Ohio, 371 U.S. 62, 83 S.Ct. 111, 9 L.Ed.2d 26 (1962); Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393 (1957); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Fiswick v. United States, 329 U. S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946).[9] These decisions have established the proposition that an appeal is not moot when collateral legal disadvantages survive a sen-

---

3. For an analysis of this theory see 103 U. Pa.L.Rev. 772–775, 779–782 (1951).

4. Government of the Virgin Islands v. Ferrer, 275 F.2d 497 (3d Cir. 1960); Gillen v. United States, 199 F.2d 454 (9th Cir. 1952).

5. Johnson v. State, 172 Ala. 424, 55 So. 226 (1911); In re Lincoln, 102 Cal.App. 733, 283 P. 965 (1929); People v. Shambley, 4 Ill.2d 38, 122 N.E.2d 172 (1954); Bower v. State, 135 N.J.L. 564, 53 A.2d 357 (1947); State v. Winthrop, 148 Wash. 526, 269 P. 793, 59 A.L.R. 1265 (1928); Roby v. State, 96 Wis. 667, 71 N.W. 1046 (1897).

6. Commonwealth v. Fleckner, 167 Mass. 13, 44 N.E. 1053 (1896); Village of Avon v. Popa, 96 Ohio App. 147, 121 N.E.2d 254 (1953).

7. Papaliolios v. Durning, 175 F.2d 73 (2d Cir. 1949); Davis v. District of Columbia, D.C.Mun.App., 91 A.2d 14 (1952).

8. Funkhouser v. United States, 282 F.2d 341 (4th Cir. 1960); State v. Fisher, 9 Terry 486, 48 Del. 486, 106 A.2d 766 (1954); Duncan v. State, 190 Md. 486, 58 A.2d 906 (1948); People v. Marks, 64 Misc. 679, 120 N.Y.S. 1106 (1909).

9. See also, Coleman v. United States, 115 U.S.App.D.C. 191, 317 F.2d 891 (1963); Richards v. United States, 94 U.S.App. D.C. 85, 212 F.2d 453 (1954), cert. denied 358 U.S. 886, 79 S.Ct. 126, 3 L.Ed. 2d 114 (1958); Kyle v. United States, 288 F.2d 440 (2d Cir. 1961); Funkhouser v. United States, supra, note 8; Pledger v. United States, 272 F.2d 69 (4th Cir. 1959); Hartwell v. United States, 107 F. 2d 359 (5th Cir. 1939).

tence served or a fine paid. In United States v. Morgan, supra, 346 U.S. at 512–513, 74 S.Ct. at 253, 98 L.Ed. 248, the Court said:

. "Although the term has been served, the results of the conviction may persist. *Subsequent convictions may carry heavier penalties*, civil rights may be affected. * * *" (Footnote omitted.) (Emphasis supplied.)

Our Code Section 22–104 provides:

"Every person upon his second conviction of any criminal offense punishable by fine or imprisonment or both may be sentenced to pay a fine not exceeding fifty per centum greater, and to suffer imprisonment for a period not more than one half longer than the maximum fine and imprisonment for the first offense."

I am unable to understand how the majority can ignore this Code section. It subjects appellant to the precise kind of collateral legal consequence which the Supreme Court has found sufficient to withstand a mootness claim.

Further, in Parker v. Ellis, supra, 362 U. S. at 593–594, 80 S.Ct. at 920, 4 L.Ed.2d 963, the Chief Justice, joined by three of the present members of the Court, wrote a vigorous dissent in which he stated:

" * * * Conviction of a felony imposes a *status* upon a person which not only makes him vulnerable to future sanctions through new civil disability statutes, but which also seriously affects his reputation and economic opportunities. * * *" (Footnote omitted.) [10]

10. See also, cases cited in notes 5–8, supra.

11. See the discussion of Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), in 28 U.Chi.L.Rev. 363 (1961).

Only two of the Justices expressly controverted this position. Hence the reliance upon St. Pierre is seriously questionable.[11]

Turning again to appellant's affidavit, it recites:

"I am trained as an Electronics Equipment Repairman, and have previously been employed, from 1960 to 1963, by a company making flight equipment for the United States Government. This job required a security clearance of 'secret', which I had. At present I have an application in to work for the National Security Agency at Fort Meade, which I believe would require a similar security clearance.

"I believe that a criminal conviction on a charge of intentionally filing a false report would count against me in the requirements of trustworthiness, honesty, and reliability that are required for security clearance." [12]

The nature of appellant's work makes it abundantly clear that if his conviction stands his opportunities for employment will be substantially curtailed. I think this is another collateral consequence sufficient to remove the mootness bar. Wetzel v. Ohio, supra; Pollard v. United States, supra.

On the record before us appellant stands convicted of a criminal offense. He has suffered a $150 fine and will undergo future legal disadvantage and economic hardship because he made a report suggesting several police officers were unduly harsh in arresting another citizen. At the conclusion of the case, the trial judge imposed the novel sentence of requiring appellant to write an essay about the merits of the police department.[13] Appellant's attempt to

12. On oral argument it was learned that appellant's application for employment with the National Security Agency had been rejected.

13. Compare Canon 21, Canons of Judicial Ethics (1957).

fulfill this strange assignment was found wholly unsatisfactory by the trial judge. Thereupon the alternate sentence of $150 fine or sixty days in jail was imposed. Appellant paid the fine and obtained his release from jail. This court has now deprived him of his right to challenge his conviction. I find such a result repugnant to the impartial administration of justice.