**Dorval H. MONETTE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3466.**

District of Columbia Court of Appeals.

Reargued May 27, 1964.

Decided June 26, 1964.

Joseph M. Del Nero, Washington, D. C., with whom John J. Nealon, Washington, D. C., was on the brief, for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction for failing to yield the right of way to a pedestrian at a controlled intersection.

■ At the outset we consider the contention that the appeal should be dismissed as moot. Upon oral argument it was ascertained that appellant had served the ten-day sentence and paid the $250 fine imposed by the trial court. We then set the case for reargument to determine the mootness question. Compare Butler v. District of Columbia, D.C.App., 200 A.2d 86 (1964). After careful consideration we find that the mootness claim is invalid for the conviction will result in collateral legal consequences. Such consequences are the automatic assessment of points under the District of Columbia Traffic and Motor Vehicle Regulations,[1] and the possible suspension of appellant's operator's permit. See Davis v. District of Columbia, D.C. Mun.App., 91 A.2d 14 (1952). Accordingly, we proceed to the merits of the appeal.

■ Appellant has advanced several arguments with respect to the sufficiency of the evidence to support the conviction and the conduct of the trial. We have reviewed the record and find that the conviction is supported by substantial evidence and that appellant was accorded a fair trial in all respects save one. At the close of the trial the court imposed the sentence of "$250.-00 and 90 days, in default of the fine an additional 90 days." This was an illegal sentence for Code 1961, § 40–603(g) provides that imprisonment shall not exceed ten days for the violation of any rule or regulation promulgated with regard to a traffic or motor vehicle offense. The trial judge recognized this error the next day and amended the sentence sua sponte to read "10 days and $250.00 or 90 days." Appellant was not present, however, when the sentence was amended, nor was he given the right to make a statement in his own behalf. The failure to accord appellant these rights requires the case be remanded for resentencing. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed. 2d 670 (1961); Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627 (1955); Hensley v. United States, D.C.Mun.App., 155 A.2d 77 (1959), affirmed, 108 U.S.App. D.C. 242, 281 F.2d 605 (1960); Cuozzo v. United States, 325 F.2d 274 (5th Cir. 1963);

1. Commissioners' Order No. 296,973/1–1371A, dated December 30, 1952, as amended, Part V, Traffic & Motor Vehicle Regulations of the District of Columbia, provides for the assessment of five points upon conviction for failing to yield the right of way to a pedestrian.

Rules 23 and 20(a) of the Criminal Rules of the Court of General Sessions.[2]

Judgment of conviction affirmed.

Case remanded for resentencing.

MYERS, Associate Judge (dissenting).

I must dissent from the action of my associates in considering the merits of this appeal, as in my judgment it is barred by mootness under the authority of our decision in Butler v. District of Columbia, D.C.App., 200 A.2d 86.

We held there that it was not the intent of the federal decisions to date that every criminal appeal should survive the bar of mootness merely because a conviction *might* carry with it some adverse effect upon the legal status of the defendant and that, to warrant a review on the merits, he must "produce competent evidence that he in fact has an actual, definable stake in the proceeding * * * that the conviction has a material effect upon present legal rights, not upon some unforeseeable, remote event that could possibly arise in appellant's future." The record in this case is devoid of such proof.

It is true that appellant's present conviction for a traffic violation, if allowed to stand, will result in five points against his driving record. But, without evidentiary support, the majority opinion assumes that appellant in the future is bound to accumulate additional points, resulting ultimately in the deprivation of his right to drive in the District of Columbia. This assumption is predicated upon mere conjecture that he is not a law abiding citizen and wholly disregards the reasonable probability that the present conviction will make him a better, more observant and cautious driver in the future.

I am unwilling to accept the present five points on appellant's driving record plus the theory that he might be assessed addi-

itional points by traffic violations in the future as sufficient evidence of such a "stake in the proceeding" as to have justified a review of the merits of his conviction. In my opinion the appeal should have been dismissed on the ground of mootness without consideration of the merits of the conviction, which the majority has affirmed.

2. Rules 23 and 20(a) are based on Fed.R. Crim.P. 43 and 32(a). While appellant has served the ten-day sentence, remand

will not be futile for the trial court may reconsider the $250 fine.