"First. The said motorship Secundus is, *and at all times mentioned in the libel* filed herein was, the property of the republic of France."

---

### THE SECUNDUS.

(District Court, E. D. New York. September 27, 1926.)

No. 9634.

**1. International law ⊜⇒10.**

Republic of France *held* to subject itself to jurisdiction of district court by moving in libel proceeding to stay sale of vessel, except subject to a lien in its favor, and to be bound by court's decrees.

**2. International law ⊜⇒10.**

Republic of France, claiming mortgage lien on ship, is in no different position than private litigant.

**3. Admiralty ⊜⇒99.**

Sale of libeled ship need not be made subject to alleged lien of mortgage, default in which occurred subsequent to ship's arrest, since mortgagee's claim, if valid, may attach to proceeds.

In Admiralty. Libel by the Republic of France against the motorship Secundus. On motion by libelant to restrain sale of ship, except subject to mortgage lien. Motion denied.

See, also, 15 F.(2d) 711; 13 F.(2d) 469.

Joseph P. Nolan, of New York City, for libelant.

Crowell & Rouse, E. Curtis Rouse, Burlingham, Veeder, Masten & Fearey, R. R. Allen, F. E. Single, Horace T. Atkins, Bigham, Englar & Jones, and James W. Ryan, all of New York City, opposed.

Kirlin, Woolsey, Campbell, Hickox & Keating, and Donald D. Geary, for claimant.

MOSCOWITZ, District Judge. This is a motion made by the republic of France, libelant herein, to restrain the United States marshal for the Eastern district of New York from selling the motorship Secundus at public or private sale, except subject to an alleged lien of a mortgage in favor of the republic of France in the sum of 559,500 francs. Exceptions to two alleged suggestions filed by the republic of France have been sustained, and were the subject of two opinions, dated July 8, 1926, and August 28, 1926, in which alleged suggestions the republic of France claimed to be the owner of the motorship Secundus. The sale has been set for September 28, 1926, and the adjournment to that date was with the consent of the proctor for the libelant herein. This is an attempt to stay the sale, unless said sale be had subject to the alleged lien of the republic of France.

[1, 2] By bringing this action the republic of France has subjected itself to the jurisdiction of this court and is bound by its decrees. The republic of France is in no different position from any private litigant who claims a lien of mortgage upon a ship.

[3] The alleged default in the mortgage occurred subsequent to the arrest of the Secundus. No good reason is shown why the sale should not take place. If the claim of the republic of France is a valid and subsisting one, it may attach to the proceeds. It seems likely that the ship will realize more at public auction than the amount of the alleged claim of the republic of France, in which event it will be amply protected. The sale of the ship will be free of the alleged lien, and the lien of the republic of France, if any, will attach to the proceeds.

Motion is therefore denied. The sale is to take place on the 28th of September as directed.