## THE CITY OF ATHENS.

### No. 2942.

District Court, D. Maryland.

Sept. 19, 1947.

William A. Grimes and Ober, Williams, Grimes & Stinson, all of Baltimore, Md., for libelant.

Bernard J. Flynn, U. S. Atty., and Anthony Purcell, Asst. U. S. Atty., both of Baltimore, Md., and Albert E. Reitzel, Asst. Gen. Counsel, of U. S. Immigration & Naturalization Service, of Washington, D. C., for respondents.

CHESNUT, District Judge.

The matter now under consideration by this court in the above entitled case presents a difficult question apparently of first impression. Does a purchaser of a ship sold free of liens under a valid admiralty decree, have the right to insist upon the issuance of a clearance certificate by the Collector of Customs for a new voyage of the ship where the only reason for withholding the clearance certificate is the pendency of possible fines to be levied on the master and agents of the ship under prior ownership for failure to detain on board certain seamen under the provisions of section 20 of the Immigration Act of 1924, 8 U.S.C.A. § 167.

When the steamship "City of Athens" arrived at the Port of Baltimore from a

European port some months ago, the usual form of libel was filed against her by the Todd Shipyards Corporation asserting a maritime lien. And many additional intervening libels have been filed with claims amounting to upwards of $1,500,000. By order of court dated July 21, 1947, a decree for sale of the ship was entered and thereafter, after advertisement, the marshal of the court sold the ship on August 13, 1947 for $400,000 to a purchaser representing the Panamanian Lines, Inc. The conventional bill of sale given by the marshal recited that the sale was made free of liens. The purchaser of the ship now desires to obtain clearance from the local Collector of Customs for a new voyage; but the Collector has refused to give this clearance by reason of the administrative pendency of certain proposed fines for failure of the former master and agent of the ship to detain on board certain alien seamen. On July 18, 1947, and August 1, 1947, notices were served on the master (by service on the first mate) and on the agents of the ship to the effect that it was indicated that fines should be imposed under the provisions of section 20 of the Immigration Act of 1924, 8 U.S.C.A. § 167, and they were advised that a period of 60 days from the date of the notice was granted to submit evidence and argument why the fines should not be imposed. This period has not expired and no final decision has been made as to whether the fines have been incurred. In the meantime, the ship has been sold free of liens. The purchaser of the ship has now filed a petition in the case praying for an order of court directed to the Collector of Customs, requiring him to furnish the necessary clearance certificate to the new owner. The purchaser says it is an innocent party without notice of the occasion for the fines.

The contention of the purchaser is that in the circumstances there is no lien or liability on the ship for the payment of these possibly prospective fines and therefore the withholding of the certificate by the Collector is unreasonable and unwarranted and the order of court should be granted to the Collector to perform an act which is only ministerial. It is further urged that the well known attributes of a sale of a ship under admiralty practice of this character (where there is no question of the jurisdiction of the court) creates a good title in the purchaser free of liens or encumbrances on the ship, "good against the world". This, I understand, to be the general rule prevailing in admiralty. The Moses Taylor, 1866, 4 Wall. 411, 427, 18 L.Ed. 397; Rounds v. Cloverport Foundry & Machine Co. 237 U.S. 303, 306, 35 S.Ct. 596, 59 L.Ed. 966; The Secundus, D.C., 15 F.2d 713; Loud v. United States, 6 Cir., 286 F. 56. It is also contended that any liability for such prospective fines should be paid only from the proceeds of sale of the ship without withholding the usual clearance certificate.

8 U.S.C.A. § 167, provides: "Detention of seamen on board vessel until after inspection; detention or deportation; penalty, clearance of vessels. (a) The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Attorney General to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

It is to be noted that this statute superseded the prior provision upon the subject in the Act of February 5, 1917, c. 29, § 32, 39 Stat. 895, which imposed a penalty

**364**

for negligent failure to retain on board alien seamen after written notice, and made the vessel liable for such penalty and authorized proceedings against her by way of libel. In the case of United States v. J. H. Winchester Co., Inc., 2 Cir., 40 F.2d 472, 473, the congressional history of section 20 of the Immigration Act of 1924 is stated by the Circuit Court of Appeals for the Second Circuit as follows: "It does show that section 32 of the 1917 act had been found inadequate to prevent the unlawful entry of aliens posing as seamen and jumping ship upon arrival in this country, and that section 20 was intended to provide more effective means to combat this evil. Its provisions are much more stringent than those of the earlier act. * * * A new remedy was provided by forbidding clearance of the vessel until the penalty was paid or secured; under the former statute the procedure was to file a libel. * * * Congress provided what it evidently thought to be an adequate remedy for collection by authorizing the withholding of clearance of the vessel."

■ There is no doubt of the validity and applicability of the provisions of the present statute. Oceanic Steam Nav. Co. v. Stranahan, 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013; Lancashire Shipping Co. v. Durning, Collector, 2d Cir., 98 F.2d 751, certiorari denied 305 U.S. 635, 59 S.Ct. 102, 83 L.Ed. 408.

■ I have concluded that the very explicit and clearly worded provisions of the statute authorizing the withholding of clearance papers until the prospective fines have been administratively determined, or until they are paid if finally imposed, must be given effect in this case. I cannot say that the withholding of the certificate under the stated circumstances is arbitrary or unwarranted. While the ship was sold free of liens, it is to be importantly noted that the statute as now in force does not create a lien; but that the administrative withholding of the clearance certificate has been substituted as a more effective remedy by the government than the provisions of the former superseded statute which did impose a lien.

■ The only present and immediate remedy of the purchaser seems to be to make the deposit of a sum sufficient to cover the possible fines (said to be $11,000), or to give bond with sufficient surety to secure the payment thereof if the fines are ultimately imposed. If it hereafter results administratively that fines are imposed in any amount, the purchaser may file a claim against the net proceeds of sale of the vessel now on deposit with the clerk in the registry of the court, and hereafter due consideration can be given to the validity and priority of the amount of any such claim that may be filed by the purchaser. Leave of court has heretofore been given to the purchaser to file such a claim if it in fact actually arises.