**PAPALIOLIOS et al. v. DURNING.**

United States District Court
S. D. New York.
May 17, 1950.

497

the Collector of Customs, to withhold clearance from a vessel in order to enforce payment of a fine theretofore administratively imposed under Sec. 20(a), in a case in which a clearance had previously been granted on the security of a bond accepted by the Collector of Customs for that purpose; (2) a money judgment in favor of plaintiffs for the amount of $1500, together with interest and costs and such other relief as may be appropriate. The defendant's affidavit in opposition is in effect a cross-motion and asks for an order (1) denying plaintiff's prayer for judgment in the sum of $1500; (2) construing Sec. 20(a) of the Immigration Act of 1924, as amended, 8 U.S.C.A. § 167, as imposing upon the Collector of Customs the duty to refuse clearance to any vessel as a means of enforcing payment of any determined fine imposed administratively upon a party liable under Sec. 20(a) despite the acceptance of a surety bond by said Collector prior to the determination of such fine as security for the final payment and satisfaction of said fine; and (3) awarding to defendant costs and such other relief as may be appropriate.

The material facts are not disputed. The S/S Loida, whose agents were and are Messrs. Simpson, Spence and Young, arrived at the Port of New York on September 8, 1941, from a foreign voyage. It appearing that three alien seamen, ordered detained on board, had not been so detained by the master, plaintiffs, in order to secure clearance of the vessel, posted a surety bond in the principal amount of $3,000, securing the payment to the Collector of all fines imposed under Sec. 20 of the Immigration Act of 1924, 8 U.S.C.A. § 167. The vessel was thereupon cleared and in due time it departed.

Thereafter proceedings were had which resulted in the administrative determination that a fine of $3000 was payable by Simpson, Spence and Young. Eventually, the amount of the fine was mitigated to $1500 pursuant to an amendment of the statute enacted on December 19, 1944, 58 Stat. 817, 8 U.S.C.A. § 167.

The Immigration and Naturalization Service demanded payment of the original

Kirlin, Campbell, Hickox & Keating, New York City, Delbert M. Tibbetts, New York City, of counsel, for plaintiffs.

Irving H. Saypol, U. S. Atty., New York City, Louis I. Kaplan, Asst. U. S. Atty., New York City, of counsel, for defendant.

RIFKIND, District Judge.

After a decision in this case by the Court of Appeals, 2 Cir., 175 F.2d 73, an amended and supplemental complaint was served to which defendant filed an amended answer. The plaintiffs now move for summary judgment granting the following relief: (1) a declaratory judgment construing Sec. 20(a) of the Immigration Act of 1924, 8 U.S.C.A. § 167, with respect to the right or authority of the defendant,

fine on November 25, 1942 and directed the Collector of Customs to collect it. After mitigation of the fine, demand was again made upon the sureties and payment was refused.

On February 9, 1948, the S/S Loida arrived at New York. The vessel's representatives were then notified that clearance would not be granted until the fine for the 1941 violation was paid. Thereupon, on March 15, 1948, Papaliolios, the vessel's master, instituted this action, seeking a declaratory judgment that the refusal of clearance was unauthorized and an injunction against the withholding of clearance. When the court refused to grant a temporary injunction because of the availability of an adequate remedy at law, Messrs. Simpson, Spence and Young paid the fine and clearance of the vessel was granted. It is unnecessary to recite the proceedings which were thereupon taken both in this court and in the Court of Appeals except to indicate that by the decision of the Court of Appeals, 2 Cir., 175 F.2d 73, Messrs. Simpson, Spence and Young were allowed to intervene as parties plaintiffs, and plaintiffs were allowed to file an amended and supplemental complaint which sought the relief which the plaintiffs now seek by motion for summary judgment.

■ The first question is whether plaintiffs' payment of the fine and defendant's subsequent grant of clearance render these proceedings moot. I think not. The plaintiffs assert the right to recover the fine paid. This they may do only if their interpretation of 8 U.S.C.A. § 167 is correct. Consequently, the proper interpretation of the statute is not an academic question. Secondly, the complaint alleges the likelihood of repetition of the defendant's conduct. This is in fact, although not in words, admitted by defendant. That the repeated conduct will apply to another fine rather than to the one already paid seems to me to be insufficient to make the issue moot. Indeed, if this is moot then, as a practical matter, the question could never be adjudicated except by a vessel willing to undergo the prohibitive expense of idling during the long period of litigation.

■ The significant provision of the statute reads: "No vessel shall be granted clearance * * * *while the fine remains unpaid,* except that clearance may be granted *prior* to the determination of such question upon the deposit * * * of a bond with sufficient surety to secure the payment thereof * * *." 8 U.S.C.A. § 167. (Emphasis added.)

In the instant case clearance was refused while the fine was unpaid and *after* it had been determined administratively. "Determined" in the context of this statute clearly means administratively determined. Cf. Oceanic Steam Navigation Co. v. Stranahan, 1909, 214 U.S. 320, 343, 29 S.Ct. 671, 53 L.Ed. 1013. If the statute is read literally, the defendant's conduct was lawful.

The plaintiffs argue, however, that these words of the statute must be read to mean that once a bond has been filed it becomes a substitute for the vessel, and that thereafter the vessel retains its liberty and all fines must be and can be satisfied only out of the substituted security. Cf. U. S. v. Ames, 1878, 99 U.S. 35, 25 L.Ed. 295; The Haytian Republic, 1894, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930; The Ontario No. 1, 2 Cir., 1935, 80 F.2d 85; J. K. Welding Co. v. Gotham Marine Corp., D.C.S.D.N.Y. 1931, 47 F.2d 332. But in these and other cases which apply this principle the vessel is arrested and held to answer the claim. That, however, is not the effect of the statute under review. The purpose of the withholding of clearance here is to provide a sanction, not to provide a source of satisfaction. The vessel is not seized; nor is a libel filed. The statute does not authorize sale of the vessel were it to remain in port for want of clearance. Since the vessel is not taken into custody, it can hardly be said that the bond substitutes for it as a *res* in custody. The scheme of the statute is that the fine is the primary obligation and that denial of clearance is the sanction to secure prompt payment. The bond is security for the probable obligation pending administrative determination. It is an ameliorative device but it does not undercut the ultimate sanction.

This interpretation is fortified by the history of Sec. 20(a), 8 U.S.C.A. § 167. Under the statute which it superseded, the remedy for enforcing the fine was to file a libel. U. S. v. J. H. Winchester & Co., Inc., 2 Cir., 1930, 40 F.2d 472, 473. The present statute, unlike the former, does not create a lien, but instead relies on the withholding of clearance as a "more effective remedy". The City of Athens, D.C.Md. 1947, 73 F.Supp. 362, 364.

Plaintiffs' contention that defendant's sole remedy was to sue on the bond is, therefore, not well founded. When the vessel was back in the Port of New York, the fine not having been paid, the Collector of Customs could lawfully refuse clearance. Plaintiffs' motion for summary judgment is denied. Defendant's cross-motion is granted.