**MARYLAND INTERNATIONAL, S.A.,**
**Petitioner,**

v.

**The Proceeds of the Sale of the S.S.**

**PANARGY I,**

v.

**and against**

**All Persons intervening for their Interest and claiming any Interest Therein.**

**No. 61–A–1002.**

United States District Court
E. D. New York.

Jan. 30, 1962.

Symmers, Fish & Warner, New York City, for petitioner. William Warner,. New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for A/S Sjofart (T. S. Bendixen). Richard B. Barnett, New York. City, of counsel.

Kirlin, Campbell & Keating, New York City, for E. F. Drew and Co. Inc., Esso International Inc. and Butterworth System, Inc. Daniel T. Sweeney, New York City, of counsel.

Crowell, Rouse & Varian, New York City, for Todd Shipyards Corp. E. Curtis Rouse, New York City, of counsel.

Stuart & Dukas, New York City, for S.S. Panargy I. Milton Davidoff, New York City, of counsel.

BARTELS, District Judge.

Application by Maryland International,. S.A. (hereinafter referred to as "Maryland") for a decree pursuant to Rule 42. of the Rules of Practice in Admiralty,. 28 U.S.C.A., directing payment to Maryland of $1,000 from the proceeds of sale by a United States Marshal of the S.S. Panargy I, initiated by the foreclosure of a foreign ship mortgage under the authority of 46 U.S.C.A. § 951.

Section 1284 of Title 8 of the United States Code Annotated provides that the owner or agent of a vessel who fails to detain certain alien crewmen aboard

shall be liable to the collector of the customs district in which the vessel arrived, for a penalty in the sum of $1,000 for each such crewman who is not detained. This section further provides that "no such vessel" shall be granted clearance until the determination of the liability for the fine or the payment thereof except that such clearance may be granted prior to such determination upon the deposit of the fine or a bond with the Collector of Customs. Maryland purchased the S.S. Panargy I at the marshal's sale, but when it sought to remove the vessel from the Port of New York Maryland was denied clearance until payment of a $1,000 fine imposed upon the prior owner of the vessel by the Collector of Customs, which Maryland paid.

It appears from 46 U.S.C.A. § 953(b) that upon the sale of a mortgaged vessel by order of court in a suit in rem in admiralty, the purchaser of the vessel takes title to the same free and clear of all encumbrances and "pre-existing claims in the vessel" and that the same thereafter attach in accordance with their respective priorities, to the proceeds of the sale. This is a traditional doctrine of Admiralty Law. See The Trenton, D.C.Mich.1880, 4 F. 657; Gilmore and Black, The Law of Admiralty, Ch. IX, § 9–87. Accordingly, it must be determined if the fine is a lien or claim against the vessel.

The history of 8 U.S.C.A. § 1284 as observed in United States v. J. H. Winchester & Co., 2 Cir., 1930, 40 F.2d 472, indicates that its sanction is much more stringent than that of its predecessor enactment which imposed a *lien* on the vessel as the method of enforcing the fine. As stated by Judge Rifkind in Papaliolios v. Durning, D.C.N.Y.1950, 90 F.Supp. 496, 498, "The purpose of the withholding of clearance here is to provide a sanction, not to provide a source of satisfaction. The vessel is not seized; nor is a libel filed." Not being a lien on the vessel, it follows that the fine cannot attach to the proceeds of the sale of the vessel.

Maryland argues, however, that it is entitled to claim reimbursement of the fine from the proceeds of the sale upon the authority of The City of Athens, D.C. Md.1947, 73 F.Supp. 362. That case lends doubtful support to such claim since there the action was instituted to compel the Collector of Customs to issue to the purchaser a certificate of clearance enabling the vessel to leave the port, which application the court denied. The Court stated that Congress intended that the present enactment should be more effective than the prior statute, remarking, however, that the purchaser could file a claim against the "net proceeds" of sale subject to subsequent determination of validity and priority. The "net proceeds" described apparently referred to the surplus proceeds, if any, available to the former owner after deducting all liens and claims. Except for the fact that the vessel was in *custodia legis* at the time the penalty attached, no explanation is given for permitting the purchaser to file a claim, since the court expressly stated that the statute did not create a lien on the vessel for the fine (p. 364). In a subsequent proceeding involving the distribution of the proceeds of sale, it appeared that the Government's claim to the fine had been administratively dismissed, and therefore the deposit by the purchaser was ordered refunded. Consequently, the court was not called upon to pass on the validity of the claim. Todd Shipyards Corporation v. The City of Athens, D.C.Md.1949, 83 F.Supp. 67, 86–87. In all events, The City of Athens offers no legal basis to justify Maryland's claim. Based upon the above construction of the pertinent enactments, the Court finds that there was no lien against the S.S. Panargy I for the fine and that consequently the purchaser by pa) ng the same is not entitled to any claim against the proceeds of sale of the vessel. If this is a hardship on the purchaser, its remedy lies with Congress and not with the courts. Such purchaser, it should be noted, may not be entirely free from redress by subsequently contesting the legality of

the assessment or by action against the prior owner as subrogee of the Government's claim. Application denied.

Settle order within ten (10) days on two (2) days' notice.