**KEY BANK OF WASHINGTON, a Washington Banking Corporation, as Trustee for Christiania Bank, og Kreditkasse, a Bank Chartered Under the Laws of Norway, Plaintiff,**

v.

**CONCEPCION (formerly Alaska Command), in rem, et al., Defendants.**

**No. C93–1737R.**

United States District Court, W.D. Washington, at Seattle.

March 23, 1994.

John David Stahl, Mitchell A. Broz, Mundt, MacGregor, Happel, Falconer, Zulauf & Hall, Seattle, WA, for plaintiff.

Russell R. Williams, Bogle & Gates, Seattle, WA, for defendant Alaskan Command Processor Ltd. Partnership, a WA Ltd. Partnership, Alaskan Command Gen. Partner Ltd., a WA Corp. and Marine Const. & Design Co., a WA Corp.

Laura J. Strasburger, pro se.

Patrick E. Pressentin, Seattle, WA, for defendants Terrance R. Thomas, II and Sandra A. Thomas.

Jess Gilbert Webster, Mikkelborg, Broz, Wells & Fryer, Seattle, WA, for defendant Thomas M. Henderson.

John C. Peterson, pro se.

Joane H. Peterson, pro se.

James H. Bauer, Bauer, Moynihan & Johnson, Seattle, WA, for defendants Barry L. Hachler and Sandra S. Hachler.

Kyle Brent Lukins, Bogle & Gates, Seattle, WA, for defendant Tokoki Higashishiba.

John H. Husband, pro se.

Lynn A. Hutchinson, pro se.

David Bowen Anderson, Anderson & Connell, Bellingham, WA, for intervenor-plaintiff Bornstein Seafoods Inc.

Mark D. Deife, Karr Tuttle Campbell, Seattle, WA, for intervenor-plaintiff Wire Rope Industries Inc.

Bradley P. Scarp, Madden, Poliak, MacDougall & Williamson, Seattle, WA, for intervenors-plaintiffs Alaskan Observers Inc. and Drew Ameriod Marine Div.

Marion J. Mittet, U.S. Attys. Office, Seattle, WA, for intervenor-plaintiff U.S.

Shannon Stafford, Stafford, Frey, Cooper & Stewart, Seattle, WA, Barrett R. Baskin, Miller, Brodsky & Baskin, Inc., San Francisco, CA, for intervenor-plaintiff Daniel Pollace.

Donald L. Martin, Anderson & Petersen, Seattle, WA, for intervenor-plaintiff Wartsila Diesel Inc.

Alan Keith Foe, Mullavey, Prout, Grenley, Foe, Lawless & Dahl, Seattle, WA, for intervenors-plaintiffs Better Meat, Inc. and Gregg's Diesel Service Inc., WA Corporations.

## ORDER DENYING UNITED STATES' REQUEST TO GIVE NOTICE OF PERMIT SANCTION

ROTHSTEIN, Chief Judge.

### I. BACKGROUND

In September of 1991, the United States commenced an *in rem* civil forfeiture action

under the Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1860, against the vessel Concepcion, contending it had fished in closed waters. The owners, Alaska Command Processor Limited Partnership, contested the allegations but settled for $175,000, of which $100,000 was in the form of a promissory note secured by a preferred ship mortgage. The forfeiture action was dismissed with prejudice on July 22, 1993.

Following Alaska Command's default on its promissory note, the Government invoked the permit sanction remedy provided in 16 U.S.C. § 1858. The Government notified Alaska Command and Key Bank that the vessel's fishing permits would remain suspended until the promissory note was paid in full, notwithstanding a proposed United States Marshal's sale of the vessel.

On December 10, 1993, Key Bank of Washington, as trustee, brought an action in admiralty to foreclose three preferred ship mortgages, all of which predated the Government's actions, against the vessel. The bank moved for summary judgment in February, 1994.

In its response to Key Bank's motion for summary judgment, the United States requested that the bank's proposed order be modified to give prospective purchasers of the Concepcion notice of the federal permit sanction. The United States also requested that the court provide prospective purchasers notice of the language in section 308(g)(3) of the Magnuson Act, 16 U.S.C. § 1858(g)(3), stating that the permit sanction will not be extinguished by sale of the vessel at a Marshal's sale.

Three parties have responded to the Government's request to modify the proposed order: Key Bank, Alaska Command, and John Strasburger, one of the defendants.

## II. DISCUSSION

### A. Notice to Prospective Purchasers

Key Bank argues that notice to prospective buyers is inappropriate because the permit sanction does not survive the federal Marshal's sale. The bank relies on a provision of the Federal Maritime Lien Act

(FMLA), 46 U.S.C. § 31326(a), which provides that "any claim in the vessel existing on the date of sale is terminated ... and the vessel is sold free of all those claims." The bank contends that a permit sanction is a "claim" extinguished under the FMLA.

The Government argues that the NOAA permit sanction is not a "claim in the vessel" within the meaning of the FMLA, and cites 16 U.S.C. § 1858(g)(3), which provides that "transfer of ownership of a vessel, by sale or otherwise, shall not extinguish any permit sanction that is in effect or is pending at the time of transfer of ownership."

Key Bank counters that this provision only applies in the context of a voluntary sale, and not in the event of a Marshal's sale. Key Bank points to the owner's duty specified in the second sentence of 16 U.S.C. § 1858(g)(3), which provides:

Before executing the transfer of ownership of a vessel, by sale or otherwise, the owner shall disclose in writing to the prospective transferee the existence of any permit sanction. . . .

The language of 16 U.S.C. § 1858(g)(3) does not support Key Bank's position. Key Bank would have the court read the second sentence out of context. The preceding sentence is clear, however. A permit sanction survives a "transfer of ownership"; the phrase is broad enough to encompass a transfer of ownership by a Marshal's sale. Similarly, "by sale or otherwise" is a phrase which encompasses the broadest range of transfers.

While no cases are directly on point, the one case that decided a similar issue concluded that a sanction on a vessel was not a lien, and that it survived a Marshal's sale. In *Maryland Intern., S.A. v. S.S. Panargy I*, 201 F.Supp. 600 (E.D.N.Y.1962), the previous owner of a vessel was levied a fine for an immigration violation. The purchaser at a Marshal's sale was not allowed to remove the vessel from port until it paid the previous owner's fine. The court determined that the fine was not a lien on the vessel, and had to

be paid by the purchaser.[1] The *Panargy* court quoted from an earlier case, *Papaliolios v. Durning,* 90 F.Supp. 496, 498 (1950), which stated that the "purpose of the withholding of clearance here is to provide a sanction, not to provide a source of satisfaction."

■ As with the withholding of clearance in *Papaliolios* and *Panargy,* the statutory scheme here does not create a lien, but rather relies on the permit sanction as a more effective remedy to secure prompt payment. The NOAA permit sanction is not extinguished under 46 U.S.C. § 31326(a). Therefore, 16 U.S.C. § 1858(g)(3) controls, and, assuming for the moment the permit sanction is valid, transfer of the ownership of the Concepcion at a Marshal's sale does not "extinguish any permit sanction that is in effect or is pending at the time of transfer or ownership." [2] *Id.*

■ Because the permit sanction survives transfer of ownership, including through a Marshal's sale, a prospective buyer must be given notice of the permit sanction. However, the deficiency need only be paid if the new owner wishes to fish in U.S. waters.

The critical issue remains whether the Government ever had authority to issue a permit sanction in the first place.

### B. Issuance of the Permit Sanction

Under the Magnuson Act, if a vessel has committed certain prohibited acts, the Government may 1) seek imposition of civil penalties; 2) seeks imposition of a permit sanction for cause; 3) criminally prosecute the offending individual(s); or 4) seize the offending vessel and initiate an *in rem* forfeiture action. 16 U.S.C. § 1858(a); 16 U.S.C. § 1858(g)(1)(A); 16 U.S.C. § 1859; 16 U.S.C. § 1860. It is the latter remedy that the Government chose to pursue in the 1991 forfeiture action in Alaska District Court.

16 U.S.C. § 1858(g)(1)(C) provides that the Secretary of Commerce may sanction the fishing permit of any permit holder who fails to pay "any civil penalty or criminal fine imposed ... under any fishery resource law statute enforced by the Secretary...." The statute lists a variety of sanctions available to the Secretary.

Key Bank and Alaska Command assert that, because neither the Concepcion nor its owner was subject to any "civil penalty or criminal fine", the Government may not impose a permit sanction. The Government counters that regulation 15 C.F.R. § 904.301(a)(3) allows the Government to impose permit sanctions for failure to pay "any other liability" arising out of statutes administered by NOAA, not just for failure to pay civil penalties and criminal fines. The regulation reads:

> (a) Unless otherwise specified in a settlement agreement, ... NOAA may take action under this subpart.... The bases for an action to sanction or deny a permit are as follows:
>
> .    .    .    .    .
>
> (3) The failure to pay a criminal fine imposed *or to satisfy any other liability incurred in a judicial proceeding under any of the statutes administered by NOAA.*

(Emphasis added.) 15 C.F.R. § 904.310(a)(3). This language is substantially repeated elsewhere in the regulations. *See* 15 C.F.R. § 904.310(a)(2).

The government relies on this regulation, and contends that authority for permit sanctions under circumstances other than civil penalties and criminal fines may be read into the statute at 16 U.S.C. § 1858(g)(1)(C), singling out the phrase "imposed on a vessel", and reasoning that "imposed on a vessel"

---

1. The court was construing a predecessor to the FMLA, which used the phrase, "all preexisting claims in the vessel". 46 U.S.C. § 953(b).

2. General rules of statutory construction lead to the same result. 16 U.S.C. § 1858(d) states that civil penalties "constitute a maritime lien on such vessel which may be recovered in an action in rem...." If a permit sanction were to be a

civil penalty which takes its place in line with other maritime liens, then 16 U.S.C. § 1858(g)(3) (requiring that permit sanctions survive any transfer of ownership) loses its meaning. Statutes must be read in such a way as to give them meaning. Therefore, a permit sanction is not a "civil penalty" under 16 U.S.C. § 1858(d).

must be read as referring to a forfeiture action, as in the present case.

However, it is as likely that the phrase "imposed on a vessel" refers to civil penalties which are pursued *in rem*. Under 16 U.S.C. § 1858(d): "A fishing vessel ... shall be liable in rem for any civil penalty assessed...." Thus, "imposed on a vessel" does not require the forfeiture-related meaning suggested by the Government.

■■■ The expansive language of 15 C.F.R. § 904.301(a)(3) is more than problematic. As the Government concedes, the permit sanction at issue is penal. Penal statutes must be strictly construed, and a party may not be subject to penalty unless the words of the statute plainly impose it. *I.R.S. v. Acker*, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959). Here, the words of the statute do not authorize the Secretary to impose a permit sanction if the permit sanction is not based on a civil penalty or a criminal fine.

Therefore, this court concludes that 15 C.F.R. § 904.301(a)(3) exceeds the statutory authority of 16 U.S.C. § 1858(g)(1)(C). The Government had no authority to issue the permit sanction against the Concepcion.[3]

### III.  CONCLUSION

Therefore, the United States' request that Key Bank's proposed order be modified to give prospective purchasers of the Concepcion notice of a federal permit sanction is DENIED.

---

**3.** Because of the disposition of this case, the court need not reach Mr. Strasburger's arguments.