**NOT FOR PUBLICATION**



FILED

MAY 01 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-10-1332-PaDKi |
| JULIE THUY VU, | Bk. No.   LA 10-17213 AA |
| Debtor. | |
| U.S. BANK, N.A., | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| JULIE THUY VU; KATHY A. DOCKERY, Chapter 13 Trustee, | |
| Appellees. | |

Submitted Without Argument on the Briefs

Filed - May 1, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Alan M. Ahart, Bankruptcy Judge, Presiding

Appearances:   Lee S. Raphael, Esq. of Prober & Raphael ALC on brief for Appellant U.S. Bank, N.A.; Barry E. Borowitz, Esq. of Borowitz, Lozano & Clark, LLP on brief for Appellee Julie Thuy Vu.

Before:  PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1

U.S. Bank, N.A. ("U.S. Bank") appeals the Order of the bankruptcy court denying U.S. Bank's Motion to Reconsider the Order Confirming Chapter 13[2] Plan, and denying its Motion to Amend the Addendum. We AFFIRM.

**FACTS**

The facts in this appeal are undisputed.

Julie Thuy Vu ("Vu") filed a petition under chapter 13 on February 27, 2010. At the same time, she filed a proposed plan which provided for payments of $437 per month for sixty months. From those payments, $392.73 per month for sixty months was dedicated to the payment of arrearages totaling $21,600 on the mortgage held by U.S. Bank on Vu's home. Attached to, and incorporated in Vu's plan was a copy of Local Form F-3015-1.1A (the "Addendum"). The Addendum is a local form adopted by the Central District of California Bankruptcy Court that contains optional chapter 13 plan provisions, and imposes various post-confirmation reporting and other duties on mortgage creditors. Greenpoint Mortg. Funding, Inc. v. Herrera (In re Herrera), 422 B.R. 698, 704-06 (9th Cir. BAP 2010), aff'd & adopted sub nom. Home Funds Direct v. Monroy (In re Monroy), 650 F.3d 1300 (9th Cir. 2011).[3]

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] For a full description of the Addendum and its contents, see pp. 704-06 of the Herrera case cited here. The BAP's Herrera Opinion was affirmed and adopted as law of the circuit in the Monroy case. For unknown reasons, West Publishing Co. failed to include in the Federal Reporter the Herrera opinion as an appendix
(continued...)

-2-

On April 8, 2010, counsel for U.S. Bank sent an email to Vu's attorney, requesting a modification of the Addendum,

> as my client is not able to create manual monthly statement[s] with what the Addendum requires and prepare quarterly disclosures without incurring fees each month and each quarter to do so. . . . I estimate a fee of $75 per month to prepare, review and disburse such monthly statements . . . and another $100 per quarter to prepare the quarterly disclosures.

Vu's counsel responded by letter on April 21, 2010, questioning the reasonableness of the fees and requesting a "detailed breakdown of exactly how you calculated the monthly costs you quoted in the email." Vu also requested information about why U.S. Bank was unable to comply with the Addendum's reporting requirements. Id.

On May 12, 2010, U.S. Bank responded to Vu's request for information:

> As you know, the Addendum mandates a mortgage lender to create new monthly statements that provide information, not currently provided in the regular monthly statements, or in any disclosure statement, that my client currently provides your client. Such revised monthly statements must be reviewed by an attorney, not only to ensure compliance with the Addendum, but to further ensure accuracy concerning post-petition activity in the bankruptcy case and the inclusion of other post-petition fees.

The May 12 letter again referred to the fee of $75 for monthly statements, and $100 for quarterly reports. U.S. Bank also

---

[3](...continued) of the Monroe opinion as was directed by the Ninth Circuit in its published Order. West instead referred readers to the Bankruptcy Reporter for the text of the BAP Opinion. Thus, we refer to the Ninth Circuit's opinion as Herrera/Monroy, with page citations to the original BAP Opinion published in the Bankruptcy Reporter, bearing in mind that the BAP's Opinion was adopted as its own by the Ninth Circuit.

-3-

proposed modifications be made to the Addendum incorporated in Vu's plan to allow U.S. Bank to send notice to Vu of any post-petition fees or advances within 90 days[4] of any such charges (modifying ¶ A2 of the Addendum, which required such notices on a monthly basis) and to substitute the existing annual report under RESPA sent by U.S. Bank to Vu for the quarterly reports required in ¶ A6.

Meanwhile, on April 15, 2010, U.S. Bank filed an objection to confirmation of Vu's proposed plan. The bank argued that the plan's incorporation of the Addendum rendered the plan infeasible because the Addendum is unduly burdensome and costly, and because it directly conflicts with applicable non-bankruptcy law (principally RESPA). U.S. Bank alleged, "it is estimated that the Objecting Secured Creditor will incur attorney fees in having any custom created monthly mortgage statements reviewed and in having the Addendum-mandated quarterly disclosures reviewed." The bank again estimated the additional fees to be $75 per month and $100 per quarter. Id. Vu responded to the objection on May 7, 2010, generally disputing U.S. Bank's allegations.

The bankruptcy court conducted the confirmation hearing concerning Vu's plan on May 13, 2010; the chapter 13 trustee, Vu and U.S. Bank were represented by counsel who were heard. U.S. Bank requested modification of the Addendum as noted above. Hr'g Tr. 2:3-21, May 13, 2010. Vu argued that the plan and the

---

[4] At some point not clear in the record before us, U.S. Bank changed its request from ninety days to sixty days. Regardless, either period would be inconsistent with the Addendum's requirement that such notices be provided in the monthly statements.

-4-

Addendum should be approved without modification. Hr'g Tr. 3:24-4:9. The trustee supported confirmation of the plan with the Addendum unchanged, consistent with the Panel's opinion in In re Herrera. Hr'g Tr. 4:11-14, May 13, 2010.

The bankruptcy court confirmed Vu's plan from the bench. Hr'g Tr. 5:15-16. On June 3, 2010, the bankruptcy court entered an order confirming the plan substantially as presented by Vu, including the unchanged Addendum.

On June 17, 2010, U.S. Bank filed a Motion for Reconsideration of Order Confirming Chapter 13 Plan Under Federal Rules of Civil Procedure 60(b) ("Motion for Reconsideration") or, in the alternative, Motion for Mortgage Creditor to Request that Debtor Accept Statements that Substantially Comply with the Local Form F 3015-1.1A Section B(3) ("Motion to Amend the Addendum"). In this motion, U.S. Bank does not plead any of the elements for reconsideration under Civil Rule 60(b).[5] Rather, again, U.S. Bank argued that the Addendum was costly, duplicative and inconsistent with RESPA, modified its substantive rights, and violated the separation of powers. U.S. Bank submitted the declaration of Olivia Todd, president of the bank's servicing agency, discussing the effect of the Addendum on accounting practices. Vu filed an Opposition to Motion for Reconsideration and Motion to Amend the Addendum on July 8, 2010. Vu suggested that U.S. Bank had failed to demonstrate any reason for reconsideration of the confirmation

[5] The only discussion of a grounds for reconsideration in either the bankruptcy court record or in the appeal briefs appears in the transcript of the hearing on reconsideration, where counsel for U.S. Bank suggests that there was newly discovered evidence consisting of emails between counsel regarding modification of the Addendum. This allegation will be discussed below.

-5-

order under Civil Rule 60(b), and that the bank had failed to provide a reasonable explanation as to why it was unable to comply with the terms of the Addendum. Id.

Before the hearing on U.S. Bank's two motions, on July 22, 2010, the bankruptcy court entered a short tentative ruling: "Deny because no basis to reconsider confirmation of the plan under [Rule] 9024 and because the other relief requested must be initiated by an adversary proceeding." Tentative Ruling, July 22, 2010. At the hearing, in a colloquy with counsel for U.S. Bank, the bankruptcy court expressed considerable skepticism over the bank's argument that compliance with the Addendum would require extensive and expensive review by counsel at the rate of $75 per month and $100 per quarter:

COUNSEL (U.S. BANK): They have to send [each monthly and quarterly statement] to my office to review it. . . .

THE COURT: Why would it have to go to your office necessarily?

COUNSEL: Because it's manually created. For the first few months at the very least, we have to look at each statement and make sure it complies with —

THE COURT: Why do you as a lawyer have to do that? That I don't follow.

COUNSEL: Well, the fact is that the statements were never created for this addendum, and this addendum is a legal document which my client must comply with now.

THE COURT: Well, if they choose to send it to you that's their business but I don't know that there's any requirement that they do that.

COUNSEL: Well, if they abide by the addendum, then —

THE COURT: Don't they have to comply with laws all the time, and they don't always talk to lawyers about every time they have to comply with the law?

COUNSEL: Well, most laws are created by Congress or state legislatures but this —

-6-

THE COURT: So, there's a different compliance if it's a Court order — you don't want to go down that path, [counsel].

Tr. Hr'g 3:12—4:13, July 22, 2010.

The bankruptcy court adopted its tentative ruling that U.S. Bank had failed to demonstrate any grounds for reconsideration under Rule 9024. Tr. Hr'g 7:14-15. However, the court did agree with U.S. Bank's position that the Motion to Amend the Addendum was not the type of motion contemplated in Rule 7001, and an adversary proceeding was not required. Tr. Hr'g 7:15. The bankruptcy court entered its order denying U.S. Bank's Motion for Reconsideration and Motion to Amend the Addendum on August 18, 2010.

U.S. Bank filed a timely appeal of the bankruptcy court's order on August 27, 2010.[6] The Panel suspended consideration of this appeal pending a decision by the Ninth Circuit of the appeal in In re Herrera, a case involving similar issues. The Ninth Circuit issued a decision in In re Monroy, a companion case to In re Herrera, on June 20, 2011, in which the court adopted the BAP's opinion in In re Herrera as its own. In re Monroy, 650 F.3d 1300.

On October 17, 2011, the Panel invited the parties to submit supplemental briefing in this appeal addressing the implications of the Ninth Circuit's decision in In re Monroy. That briefing is now complete, and this appeal is now ripe for decision.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334(b) and § 157(b)(2)(A). We have jurisdiction over this

---

[6] The confirmation order was not appealed.

-7-

appeal under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court abused its discretion in denying U.S. Bank's Motion for Reconsideration.

Whether the bankruptcy court abused its discretion in denying U.S. Bank's Motion to Amend the Addendum.

## STANDARDS OF REVIEW

We review denial of a motion for reconsideration under Rule 9024 (incorporating Civil Rule 60(b)) for abuse of discretion. Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 494 (9th Cir. BAP 1995).

Where we review "rulings of the [bankruptcy] court regarding local practice and local rules, the appropriate standard of review is abuse of discretion." Guam Sasaki Corp. v. Diana's, Inc., 881 F.2d 713, 716 (9th Cir. 1989).

In applying an abuse of discretion test, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine whether its "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (internal quotation marks omitted). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court

-8-

has abused its discretion.  Id.

**DISCUSSION**

**I.   The bankruptcy court did not abuse its discretion in denying U.S. Bank's Motion for Reconsideration.**

In its argument during the hearing on the reconsideration motion on July 22, 2010, U.S. Bank explained its reasons for seeking reconsideration of the confirmation order under Civil Rule 60(b).

> In regards to the reconsideration aspect of the denial of our Motion, I believe that there was [sic] new facts that were not before the court's record that we have also added to the motion, correspondence between ourselves and Debtor's counsel trying to plead for a modification of the addendum under these circumstances.

Tr. Hr'g 2:8-13, July 22, 2010.  Although U.S. Bank did not clarify under which provision of Civil Rule 60(b) it sought relief, we interpret the above statement as referring to Civil Rule 60(b)(2), which provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]

Rule 9024 (incorporating Civil Rule 60(b)(2)).[7]

---

[7]  There is no indication anywhere in the record that U.S. Bank argued that it was the victim of mistake, inadvertence, surprise, or excusable neglect, Civil Rule 60(b)(1); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, Civil Rule 60(b)(3); a void judgment, Civil Rule 60(b)(4); judgment satisfied, released or discharged, Civil Rule 60(b)(5).  And while U.S. Bank might argue that Civil Rule 60(b)(6) applies because it would be manifestly unjust to allow Vu's confirmed plan to proceed without amendment, this subsection of the Rule "is to be utilized
(continued...)

-9-

Relief from an order or judgment to offer newly discovered evidence under Civil Rule 60(b)(2) is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (citing Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)).

U.S. Bank's reconsideration argument is groundless. The "newly discovered evidence" it seeks to offer consists of an exchange of emails between counsel for the parties during the bankruptcy case. But evidence is not "newly discovered under the Federal Rules if it was in the moving party's possession" at the time of the original order. Feature Reality, 331 F.3d at 1093; Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1995). The emails were not only in the possession of U.S. Bank before entry of the order confirming the plan, the emails were in fact created by U.S. Bank and Vu, and were thus always known to both parties. Simply put, the emails could not have been considered newly discovered by the bankruptcy court.

---

[7](...continued)
only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Because it actively contested confirmation of Vu's plan, U.S. Bank cannot suggest that it was prevented from taking timely action to contest the confirmation order.

-10-

Since newly discovered evidence was the only argument advanced by U.S. Bank in its reconsideration motion, and the evidence it wanted the bankruptcy court to consider was conclusively not newly discovered, the bankruptcy court did not abuse its discretion in its finding that U.S. Bank had not shown any grounds for reconsideration of the confirmation order under Civil Rule 60(b) and Rule 9024.

**II. The bankruptcy court did not abuse its discretion in denying U.S. Bank's Motion to Amend the Addendum.**

U.S. Bank's attacks on the Central District's Addendum are familiar to the Panel. U.S. Bank was an objecting secured creditor in one of the four constituent bankruptcy cases in which the bankruptcy courts approved the inclusion of the Addendum in chapter 13 debtors' plans. See In re Hannon, case no. SV-09-11330-MT (Bankr. C.D. Cal. 2009). Indeed, U.S. Bank prosecuted the appeal of that decision to this Panel, resulting in the decision in In re Herrera. Then, when the Panel affirmed the bankruptcy court's rulings concerning the Addendum, U.S. Bank appealed that decision to the Court of Appeals. As noted above, the Ninth Circuit affirmed the Panel's decision and adopted the BAP's opinion in a published Order. Home Funds Direct v. Monroy (In re Monroy), 650 F.3d 1300 (9th Cir. 2011).[8] U.S. Bank asked for rehearing of the In re Monroy decision, which was denied.

[8] While U.S. Bank's counsel in this appeal did not represent the creditor in the bankruptcy court in this case, he represented all of the secured creditors in the bankruptcy court proceedings in the four cases involved in Herrera/Monroy, as well as in the appeals to the BAP, and to the Ninth Circuit. It is safe to assume that both U.S. Bank and its counsel are well-acquainted with the Addendum, and the decisions of the bankruptcy courts, the Panel, and the Ninth Circuit concerning the Addendum.

-11-

There was no certiorari petition to the Supreme Court.

Throughout all these cases and appeals, U.S. Bank has consistently challenged the incorporation of the Addendum in the chapter 13 plans of debtors in Central District bankruptcy cases where debtors seek, through the Addendum, to impose various post-confirmation reporting and other duties on mortgage creditors. Although the emphases change from one appeal to the next, U.S. Bank's principal objections to the Addendum's requirements for enhanced reporting all fall into four categories. It argues that: (1) nothing in § 1322 allows debtors to propose a plan that includes additional mortgage creditor reporting obligations; (2) RESPA does not allow an individual chapter 13 debtor to supplement a mortgage creditor's reporting requirements; (3) the Addendum's mandate that a mortgage creditor provide additional information to a chapter 13 debtor is a usurpation of the power of Congress to legislate, and consequently, is a violation of the doctrine of separation of powers; and (4) compliance with the Addendum is unduly burdensome for creditors, requiring substantial changes in accounting systems and the costs associated with those changes.

The first three of these arguments were addressed and rejected with finality in Herrera/Monroy. The fourth category is at the focus of this appeal, because Herrera/Monroy acknowledged that a challenge to the Addendum based on excessive burden and expense to the creditor, if true, might constitute grounds for not allowing, or requiring modification of, the terms of the Addendum, in particular cases. We will explore all of U.S. Bank's arguments.

-12-

First, U.S. Bank states in its supplemental brief in this appeal that "there is nothing in 11 U.S.C. § 1322 that allows debtors to propose a plan including the provisions listed in the Addendum." U.S. Bank's Supp. Br. at 3. On the contrary, as noted in the BAP's prior opinion,

> § 1322(b)(11) provides that a chapter 13 debtor's plan may "include any other provision not inconsistent with [title 11]." This grant gives debtors considerable discretion to tailor the terms of a plan to their individual circumstances. Bankruptcy courts have endorsed a broad range of provisions under § 1322(b)(11). Besides enhanced creditor account reporting requirements, other provisions approved by bankruptcy courts under § 1322(b)(11) include, for example: (1) authorizing the debtor to exercise a trustee's avoiding powers, Hearn v. Bank of New York (In re Hearn), 337 B.R. 603 (Bankr. E.D. Mich. 2006); (2) establishing reserve funds to pay utilities in event of default, In re Epling, 255 B.R. 549 (Bankr. S.D. Ohio 2000); (3) paying taxes in a particular order, In re Klaska, 152 B.R. 248 (Bankr. C.D. Ill. 1993).

Herrera/Monroy, 422 B.R. at 710-11. U.S. Bank is therefore simply wrong when it suggests that § 1322 is an impediment to the enhanced reporting requirements of the Addendum.

The second broad category of U.S. Bank's challenges to the Addendum relies on RESPA, which the bank contends "does not allow for each individual chapter 13 debtor to supplement the reporting requirements as they see fit." U.S. Bank's Supp. Br. at 7. This assertion was also squarely rejected in Herrera/Monroy:

> We conclude that the mortgage creditors' argument that RESPA occupies the field of reports required by mortgage creditors such that chapter 13 debtors are precluded from crafting additional reporting rules in their chapter 13 plans lacks merit and is directly contradicted by the plain language of RESPA. . . . The Addendum seeks to address chapter 13 issues which are neither addressed nor remedied by the reporting provisions of RESPA. Specifically, the debtors and the court need to know the amount of default so as to implement § 1322(b)(5), which provides that

-13-

"[n]otwithstanding paragraph (2) of this subsection, [the plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." The bankruptcy court and debtors need the information targeted by the Addendum to implement § 1322(b)(5), and are hampered in that task by . . . "the increasing problem of undisclosed and sometimes questionable post-petition mortgage charges assessed by lenders during the course of a chapter 13 proceeding." Indeed, even the Federal Reserve Board recognized the inadequacy of RESPA in its comments proposing the imposition of additional, and more intrusive, reporting requirements on mortgage servicers for their "abusive practices."

Herrera/Monroy, 422 B.R. at 715.

The bank's third argument is that the Addendum violates the doctrine of separation of powers. U.S. Bank Op. Br. at 25. By this argument, U.S. Bank appears to suggest that, in authorizing the Addendum, the Central District's bankruptcy judges were usurping the power of Congress to legislate. Once again, though, Herrera/Monroy directly addressed and rejected this assertion.

Only a brief comment is required to dispatch the mortgage creditors' concerns that inclusion of the offensive provisions in the debtors' confirmed chapter 13 plans somehow violates the doctrine of separation of powers. They apparently contend that when a majority of the Central District's bankruptcy judges approved an optional local form containing provisions that could be included in the District's chapter 13 plans, several of which provisions creditors contend run afoul of RESPA, those judges somehow usurped the prerogative of Congress to enact laws regulating residential mortgages.

The mortgage creditors' argument is a non-starter because it ignores the bankruptcy judges' decision to make use of the Addendum optional, such that the incorporation of its provisions in debtors' plans was subject to review by bankruptcy courts on a case-by-case basis. Indeed, the instructions on Local Form 3015.1.1A state that "[a] chapter 13 debtor may attach this addendum to his/her chapter 13 plan." This [is] not a situation where the local bankruptcy court has, through a local rule or general order, mandated the terms of a debtor's proposed plan and treatment of a creditor's

-14-

> claim. As a result, the propriety of the plan provisions arising from incorporation of the Addendum into the debtors' plans was freely subject to challenge in each of these cases, and the mortgage creditors' argument that the bankruptcy courts somehow violated the separation of powers doctrine misses the point.

Herrera/Monroy, 422 B.R. at 710.

In short, three of U.S. Bank's general areas of challenge to the Addendum in this appeal have been definitively dispatched by the Panel and Ninth Circuit in Herrera/Monroy. U.S. Bank must understand that, with respect to these contentions, its ship has sailed.

As mentioned above, there is at least some potential for U.S. Bank's fourth argument in this appeal that, even after Herrera/Monroy, incorporation of the Addendum in Vu's plan will be unduly burdensome and costly to the mortgage creditor. Unlike the facts in the Herrera/Monroy cases, where the creditors did not present evidence of the costs of complying with the Addendum, U.S. Bank argues that in this case it did offer proof of the costs of complying with the Addendum. In Herrera/Monroy, the Panel cautioned that where "substantial, company-wide modification of [a mortgage creditor's] accounting procedures would be required to comply with the Addendum" doubts might be raised about the propriety of adding the Addendum to a chapter 13 plan in those cases. Herrera/Monroy, 422 B.R. at 722 n.20.

U.S. Bank argues that it presented evidence to the bankruptcy court in this case that the estimated additional monthly costs to prepare, review and disburse monthly statements to Vu pursuant to the terms of the Addendum and plan would be approximately $75, and that the fee necessary to prepare the quarterly disclosures would

-15-

be another $100. U.S. Bank's Reply to Appellee's Response to Appellant's Supp. Br. at 9.[9]

It is helpful to trace the history of the alleged $75/$100 fees through the course of U.S. Bank's submissions in this appeal. A reference by counsel to those fees first appears in U.S. Bank's email to Vu's lawyer on April 8, 2010. The fees are described as "attorney fees" in the bank's objection to confirmation of Vu's plan filed on April 14, in its letter to Vu's counsel on May 12, its Motion for Reconsideration filed on June 17, at the hearing on the Motion to Amend the Addendum on July 22, 2010, and now in its reply to Vu's supplemental brief in this appeal. What is critical to understand is that all of these statements and references to fees are found in the arguments of counsel. In searching the bankruptcy court's record, not a single declaration or affidavit was submitted, nor other testimonial or documentary evidence offered, to support U.S. Bank's contention regarding the need for these fees.

"[A]rguments and statements of counsel are not evidence." Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.), 482 F.3d 1118, 1122 n.1 (9th Cir. 2007). This principle has been frequently cited in bankruptcy cases. Exeter Bancorporation, Inc. v. Kemper Securities Group, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (statement of counsel not evidence); Malloy v. Wallace (In re Wallace), 298 B.R. 435, 441 (10th Cir. BAP 2003) (opening statement is not testimony); Braunstein v. Sanders (In re

---

[9] The Panel authorized the parties to submit supplemental briefs, but did not authorize U.S. Bank to submit yet another reply brief to Vu's supplemental brief. Since Vu has not objected to the extra brief, we will accept it.

-16-

Muhammed), 2011 Bankr. LEXIS 2214 at * 7-8 (Bankr. D. Mass. 2011) (arguments of counsel cannot substitute for evidence); In re Olde Block Owner, LLC, 448 B.R. 482, 484 (Bankr. N.D. Ill. 2011) ("Of course, the argument of counsel is not evidence."); In re Valley Park, Inc., 217 B.R. 864, 866 (Bankr. D. Mont. 2006); In re Osborne, 257 B.R. 14, 19-20 (Bankr. C.D. Cal. 2000).

In this case, the bankruptcy court was not obliged to consider as "evidence" the statements of U.S. Bank's attorneys that fees of $75 per month and $100 per quarter would be added to each debtor utilizing the Addendum. Further, even if counsel's statements were to be given some persuasive weight,[10] this information was not probative concerning the principal harm alleged by U.S. Bank — that the Addendum would cause significant expense to the bank because it would require new accounting systems, training, and associated costs. In other words, it is difficult to understand how add-on attorney fees create significant accounting burdens, let alone a need for restructuring U.S. Bank's whole accounting system.

In addition, implicit in U.S. Bank's position is that these additional fees will be required as to each of its debtor-customers using the Addendum every month and quarter throughout the bankruptcy period. But counsel conceded at the hearing in the bankruptcy court that the fees might only arise for a few months.

THE COURT: Why would [the statements] have to go to your office necessarily?

---

[10] To the extent that the bankruptcy court considered counsel's argument that such fees were required as evidence, as indicated in the colloquy quoted above in the description of facts, the court was obviously skeptical about the factual basis for the statements.

-17-

COUNSEL: Because it's manually created. <u>For the first few months at the very least</u>, we have to look at each statement and make sure it complies with —

Tr. Hr'g 3:12—15, July 22, 2010 (emphasis added). According to this statement, even if additional attorney fees are incurred by U.S. Bank to comply with the Addendum, that expense may not necessarily continue longer than a few months. If so, the presence of these additional fees would not show U.S. Bank would experience a significant economic cost, nor that significant changes in the bank's accounting systems would be required.

Interestingly, while not referred to by U.S. Bank in any of its briefs in this appeal, there is one relevant, evidentiary item in the record of the bankruptcy proceedings regarding the accounting system costs to U.S. Bank of complying with the Addendum. In the declaration of Olivia A. Todd, the president of the servicing agent for U.S. Bank, submitted with U.S. Bank's Motion for Reconsideration, Todd notes:

This new accounting system mandated by the Central District of California Form Addendum will include, but are not limited to, costs to hire accountants and program designers to adequately design a new accounting system; costs to pay Information Technology professionals and engineers to create the new accounting system; costs of creating new training programs to implement the new accounting system; and costs of actually training employees to learn how to use a new accounting system.

The Todd Declaration is inadequate to show U.S. Bank will experience the sort of economic burden required to avoid compliance with the Addendum. First, Todd's statement does not quantify the alleged costs resulting from compliance with the Addendum. Second, Todd's statement does not allocate these costs among the several customers of U.S. Bank filing for chapter 13

-18-

relief in the Central District of California who elect to incorporate the Addendum in their chapter 13 plans. And finally, Todd's declaration states that she is the custodian of records for the servicing agent, and the person most familiar with Vu's loan on the property in Fontana, California. However, Vu owns no property in Fontana. The U.S. Bank loan impacted by Vu's plan in this case is secured by a trust deed on property in West Covina, California. For these reasons, like the bankruptcy court, we decline to consider Todd's declaration as probative or reliable evidence of U.S. Bank's costs of complying with the Addendum in this case.

In sum, whether compliance with the Addendum may cause a given creditor to incur burdensome costs, either on an individual or general basis, may still be an open question. Indeed, the intent of the Panel in offering the parties the opportunity for supplemental briefing in this appeal was not to belabor the settled legal questions on RESPA or separation of powers, but to allow the parties to explore the true costs of U.S. Bank's compliance with the Addendum. However, U.S. Bank did not provide any competent, evidentiary support for its position that the Addendum imposes unreasonable and unnecessary burdens on its financial and accounting systems.

**CONCLUSION**

Most of U.S. Bank's arguments in this appeal have been rejected by both the Panel and Ninth Circuit in Herrera/Monroy. As for its contention that compliance with the Addendum in Vu's case would be unduly burdensome or expensive, U.S. Bank has not provided the necessary evidence to establish that claim in fact.

-19-

The bankruptcy court did not abuse its discretion in denying U.S. Bank's Motion for Reconsideration and its Motion to Amend the Addendum.  We AFFIRM.