**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4115

PATRICE BEHANZIN WILSON, a/k/a
K-Mel,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-96-34-BR)

Argued: February 28, 2000

Decided: June 12, 2000

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge,
and James R. SPENCER, United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Dolores Jones Faison, Jacksonville, North Carolina, for
Appellant. John Samuel Bowler, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie
Cole, United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patrice Wilson, known on the street as "K-Mel," appeals his conviction for conspiracy to distribute crack cocaine in violation of Title 21 U.S.C. § 846 and the resulting 360 month sentence. We affirm.

In December 1994, the government raided the Hopkins Building, an establishment regarded by law enforcement as the primary location for drug distribution in downtown Jacksonville, North Carolina. A large amount of crack was recovered and a number of suspected drug dealers were arrested at that time. Over the next year, the government questioned the dealers, most of whom named Wilson as one of the main suppliers of crack in Jacksonville. Several witnesses confirmed that Wilson's involvement with illegal drug distribution in or near the Hopkins Building began as early as 1989.

On May 10, 1996, Detective Paul Spring of the Jacksonville Police Department stopped Wilson on Bell Fork Road in Jacksonville. The stop was initiated after Officer Spring received information from a confidential informant that Wilson was in Jacksonville. Officer Spring arrested Wilson for the sale and delivery of cocaine. In Wilson's car, Spring found a pager, $2,040 in cash and a plastic bag tied in a way that suggested that Wilson had used the bag for drug transactions.

On May 28, 1996, Wilson was indicted for conspiracy to distribute crack cocaine from 1989 to 1996. Wilson entered a plea of not guilty and proceeded to a jury trial. At trial the government presented twelve witnesses who were involved in the drug trade with Wilson. The defendant did not call any witnesses or put on any evidence during the trial.

The jury returned a verdict of guilty on October 17, 1996. The court sentenced Wilson to 360 months in prison, a $17,082.00 fine, 60 months of supervised release, and a $100 assessment.

2

Wilson asserts that the district court improperly admitted hearsay statements of co-conspirators without sufficient proof of the existence of a conspiracy. We review admission of such evidence for abuse of discretion. See United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996). We find no abuse of discretion here. We note that many of the statements are either not hearsay or do not implicate the co-conspirator exception of Fed. R. Evid. 801. Even if some statements were improperly admitted, we conclude that given the entirety of the evidence, they did not substantially affect the jury's verdict. Accordingly, any error which may have occurred in their admission was harmless. See United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994).

Wilson asserts next that the evidence was insufficient to support his conviction because he was charged with one conspiracy spanning from 1989 to 1996, while the evidence at trial demonstrated multiple individual conspiracies separated by time. We conclude that the evidence presented and the reasonable inferences drawn therefrom are sufficient, when viewed in the light most favorable to the Government, to establish one conspiracy from 1989 to 1996. See United States v. Banks, 10 F.3d 1044 (4th Cir. 1993) (explaining that a conspiracy need not result in a formal structure, but may be found in loosely-knit associations of individuals linked by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market). In addition, the substantial absence of one conspirator for a period of time does not necessarily convert one on-going conspiracy into two distinct conspiracies. See United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). Accordingly, we find sufficient evidence to support the jury's verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

Upon leave of this court, Wilson has submitted a pro se supplemental brief. In this late breaking brief, Wilson alleges now that his conviction was acquired by the government's knowing use of perjured testimony. He reasons that since he was in a Georgia prison during a certain period,* any testimony ascribing illegal activity to him dur-

_____

*Wilson states, without factual corroboration in the trial record, that he was in a Georgia prison from October 30, 1992-May 4, 1992. It appears from the presentence report that appellant was incarcerated at some point prior to 1993. We can only speculate as to the actual duration of that term of imprisonment.

3

ing that period is perjury. He argues further that the United States knew that such testimony was necessarily false.

The problem for appellant is that none of the facts upon which he builds this new claim regarding the knowing use of perjured testimony were admitted in the trial record. In fact appellant, following the strategic advice of his counsel, did not put on any evidence at trial. The facts regarding his Georgia imprisonment (including its duration) were uniquely within Wilson's personal knowledge at the time of his trial. Not only did appellant make no effort to set the record straight by putting on evidence, he also did not seek to privately inform the government of his term of imprisonment. Appellant cannot now be allowed to argue facts not in evidence. Any remedy for alleged errors based on facts first submitted in appellant's supplemental brief would not be available on direct appeal. See Williams v. Dixon, 961 F.2d 448, 458 (4th Cir. 1992); Funkhouser v. United States, 282 F.2d 341, 342 (4th Cir. 1960).

A review of the trial record indicates that only two witnesses attributed drug activity to Wilson during the 1991 period when he was apparently imprisoned in Georgia. The first was Anand Lakram, who testified that one of his dealers purchased crack from Wilson in 1991. The second was Clinton Mitchell, who testified that he engaged in approximately three transactions with Wilson between 1990 and 1992, most likely in 1991. Given that Mitchell was uncertain of the exact date of his transactions, and thus only speculated 1991, this statement cannot be described categorically as perjured testimony. As to Lakram's statement, we do not believe that there is a reasonable likelihood that this one statement from a single witness affected the jury's verdict, especially in light of the overwhelming and substantial remaining evidence. Accordingly this claim, even if we were able to review it on the merits, would not merit reversal.

We therefore affirm Wilson's conviction and sentence.

AFFIRMED

4